UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MOOD, | ) Case No. SACV 15-1154-MMM(KK) |
| Plaintiff, | ) |
| v. | ) **ORDER DISMISSING COMPLAINT** |
|  | ) **WITH LEAVE TO AMEND** |
| CITY OF COSTA MESA, ET AL., | ) |
| Defendants. | ) |

**I.**

**INTRODUCTION**

On July 22, 2015, plaintiff Ivan Mood ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Docket No. ("dkt") 1). Plaintiff also filed a document titled "Brief of the United States as a Complaint." (Dkt. 3). The Court will consider these two documents together as the Complaint for purposes of this Court's initial review of Plaintiff's claims.

Plaintiff appears to allege a conspiracy by the City of Costa Mesa, the City of Newport Beach, and various police officers and city employees, to harass

1

Plaintiff and retaliate against him for litigation in Orange County Superior Court, in which he sought to or did depose defendant Tom Gaszi.

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court finds the Complaint subject to dismissal for various deficiencies. However, dismissal will be with leave to amend.

## II.
## LEGAL STANDARD

The Prison Litigation Reform Act of 1996 obligates the court to review complaints filed by all persons proceeding *in forma pauperis*. See 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the court may sua sponte dismiss, "at any time," *in forma pauperis* complaints that are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. Id.; see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). While a complaint may not be dismissed simply because its factual allegations seem "unlikely," it may be

dismissed if the allegations "rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal quotation marks omitted). "[F]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr, 652 F.3d at 1216. A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Blantz v. Cal. Dep't of Corrections and Rehabilitation, 727 F.3d 917, 927 (9th Cir. 2013) (citation and internal quotation marks omitted) (noting a plaintiff's factual allegations must "nudge[]" any legal claims "across the line from conceivable to plausible").

///
///
///

## III.

## DISCUSSION

### A. The Complaint Fails To Comply With The Pleading Requirements Of Rule 8 Of The Federal Rules Of Civil Procedure

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

In the instant case, it is difficult for the Court to determine the exact nature of Plaintiff's claims. Here, Plaintiff does not specify a date on which the constitutional harm was allegedly committed; nor does he specify what actions were allegedly committed by which actors in order to produce the alleged constitutional harm. Plaintiff's 28-page, two-part Complaint is replete with repetitive and irrelevant facts and arguments, much of which are incomprehensible. Part one of the Complaint is a combination of partially completed forms, where only pages 4 and 5 are on the standard CV-66 Form for civil rights complaints. See Dkt. 1. Part two of the Complaint (which the Court is not even sure is part of Plaintiff's complaint because it was filed as a separate document) contains page after page of non-sequentially numbered paragraphs of allegations mixed with legal citations, conclusions, arguments, demands, and a cut and paste presentation of various federal statutes and legal citations. See Dkt. 3.

As a result of the Complaint's lack of clarity and specificity, the Court cannot decipher the nature of Plaintiff's claims.  Hence, the Complaint does not give Defendants adequate notice of the legal claims being asserted against them. See McHenry, 84 F.3d at 1176.  For example, it is unclear whether Plaintiff is alleging wrongful acts in relation to his underlying civil case, or whether he is purporting to assert a separate alleged wrong.  Unclear pleadings such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based" remain subject to dismissal.  Little v. Baca, No. CV 13–0373 PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).  Accordingly, the Complaint must be dismissed.  See also Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

In amending the Complaint, Plaintiff must state each of his claims separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it.  See Bautista v. L.A. Cnty., 216 F.3d 837, 840-41 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.").  Plaintiff should identify when the alleged harm was committed, who caused the alleged harm, and what actions were committed by each alleged wrongdoer.

**B.    The Complaint Does Not Unambiguously Identify the Defendants**

Rule 10(a) of the Federal Rules of Civil Procedure requires that each

1  defendant be named in the caption of the complaint.  A complaint is subject to
2  dismissal if "one cannot determine from the complaint who is being sued, [and] for
3  what relief . . . ."  McHenry, 84 F.3d at 1178.
4       Here, it is unclear whether Plaintiff is suing defendants Tom Gazsi, Officer
5  Selinske, and Officer Smith in their individual or official capacity, because neither
6  box is checked in the Complaint.  Dkt. 1 at 2, 4.  Moreover, while the City of Costa
7  Mesa and the City of Newport Beach appear in the caption of the Complaint,
8  neither is listed in the Complaint.  Dkt. 1 at 2-3.  The Court is therefore unable to
9  determine whether Plaintiff intended to name the City of Cost Mesa and the City of
10 Newport Beach as defendants.
11      If Plaintiff decides to include any or all of these defendants in an amended
12 complaint, he must clarify exactly who the defendants are -- at a minimum, the
13 caption and body of the complaint must agree.

**C.    The Complaint Fails To State A Claim Against Any Defendant In His Official Capacity, Or Any Entity Defendant**

16      The U.S. Supreme Court has held an "official-capacity suit is, in all respects
17 other than name, to be treated as a suit against the entity."  Kentucky v. Graham,
18 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v.
19 Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City
20 of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is *not* a suit
21 against the official personally, for the real party in interest is the entity."  Graham,
22 473 U.S. at 166.  Moreover, a local government entity "may not be sued under
23 § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is only
24 when execution of a government's policy or custom, whether made by its
25 lawmakers or by those whose edicts or acts may fairly be said to represent official
26 policy, inflicts the injury that the government as an entity is responsible under

§ 1983." Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Here, the Complaint appears to name the following six defendants in their official capacity: Tom Hatch, Rob Sharpnack, Dave Kiff, Jay Johnson, Officer Olivas, and Officer Pallas. Dkt. 1 at 2-5. All six defendants are apparently employed by the City of Costa Mesa or the City of Newport Beach. Accordingly, for purposes of Plaintiff's federal civil rights claims, the entities that would be the real parties in interest in any official-capacity suit against the named individual defendants are ultimately the City of Costa Mesa and the City of Newport Beach (not the individual defendants). Therefore, Plaintiff's claims against the individual defendants in their official capacity must be dismissed.

In addition, as discussed above, the City of Costa Mesa and the City of Newport Beach may not be held liable for the alleged actions of, for example, City of Costa Mesa police officers, unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." See Monell, 436 U.S. at 690-91; accord Redman v. Cnty. of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991). Plaintiff has not identified any policy statements or regulations of the City of Costa Mesa or the City of Newport Beach, or any officially adopted or promulgated decisions, the execution of which by these entities' agents or employees allegedly inflicted the injuries about which he is complaining. Moreover, Plaintiff has failed to allege any facts that would cause the Court to "draw the reasonable inference" that any of these entities has a governmental custom of harassing and retaliating against civil

litigants. Plaintiff's claims against the City of Costa Mesa and the City of Newport Beach must, therefore, also be dismissed.

### D. The Complaint Fails To State A Claim Against Interim Police Chief Ron Lowenberg In His Individual Capacity

Plaintiff also appears to name Interim Police Chief Ron Lowenberg based upon his supervisory role over "his officers." Dkt. 1 at 3. However, there is no "supervisory liability" in Bivens actions. Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009); Starr, 652 F.3d at 1207. In order to proceed against Interim Police Chief Lowenberg, Plaintiff must establish how he had *personal involvement* in the civil rights violations or that his action or inaction caused the harm suffered. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. Absent such allegation(s), Plaintiff's claim against Interim Police Chief Lowenberg will not be permitted to proceed.

* * * * *

Accordingly, Plaintiff's claims against (1) all individual defendants in their official capacity; (2) entity defendants City of Costa Mesa and City of Newport Beach; and (3) Ron Lowenberg in his individual capacity must be dismissed.

## IV.
### LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT**:

1)     Plaintiff shall have up to and including **August 27, 2015**, to file a First Amended Complaint to attempt to cure the deficiencies discussed above.  The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which plaintiff is encouraged to utilize.

2)     If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  The First Amended Complaint must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey, 693 F.3d at 928.

**Plaintiff is cautioned that his failure to timely comply with this Order may result in a recommendation that this action be dismissed**.

DATED: July 27, 2015

                                      HON. KENLY KIYA KATO
                                      United States Magistrate Judge