UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MOOD, | ) Case No. SACV 15-1154-MMM(KK) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER DISMISSING FIRST** |
| | ) **AMENDED COMPLAINT WITH** |
| | ) **LEAVE TO AMEND** |
| CITY OF COSTA MESA, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**I.**

**INTRODUCTION**

On July 22, 2015, plaintiff Ivan Mood ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Docket No. ("dkt") 1). The Complaint appeared to allege a conspiracy by the City of Costa Mesa, the City of Newport Beach, and various police officers and city employees, to harass Plaintiff and retaliate against him for litigation in Orange County Superior Court, in which he sought to or did depose defendant Tom Gaszi.

1

1   On July 27, 2015, the Court dismissed the Complaint with leave to amend.  (Dkt.
2   8).

3           On August 24, 2015, Plaintiff filed a First Amended Complaint ("FAC").
4   (Dkt. 9).  The FAC appears to allege various instances of harassment, false arrest,
5   mistreatment, and excessive force by police officers, security guards, and local
6   business owners in violation of Plaintiff's "federal constitutional or statutory civil
7   right" and the "Due Process Clause of the Fourteenth Amendment."  (Id.)  The
8   FAC appears to name the following defendants: the City of Costa Mesa, the City of
9   Newport Beach, and Newport Beach Police Chief Jay Johnson each in their official
10  capacity.  (Id.)

11          After careful review and consideration of the allegations of the FAC under
12  the relevant standards, the Court finds the FAC subject to dismissal for various
13  deficiencies.  However, dismissal will be with leave to amend.

14
15                                      **II.**
16                              **LEGAL STANDARD**

17          The Prison Litigation Reform Act of 1996 obligates the court to review
18  complaints filed by all persons proceeding *in forma pauperis*.  See 28 U.S.C.
19  §§ 1915(e)(2), 1915A.  Under these provisions, the court may sua sponte dismiss,
20  "at any time," *in forma pauperis* complaints that are frivolous or malicious, fail to
21  state a claim, or seek damages from defendants who are immune.  Id.; see also
22  Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

23          A complaint may be dismissed for failure to state a claim "where there is no
24  cognizable legal theory or an absence of sufficient facts alleged to support a
25  cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)
26  (citation and internal quotation marks omitted).  In considering whether a

27
28                                       2

complant states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted).  However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).  While a complaint may not be dismissed simply because its factual allegations seem "unlikely," it may be dismissed if the allegations "rise to the level of the irrational or the wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).  "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

        "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal quotation marks omitted).  "[F]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr, 652 F.3d at 1216.  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the

3

1   reviewing court to draw on its judicial experience and common sense." <u>Blantz v.</u>

2   <u>Cal. Dep't of Corrections and Rehabilitation</u>, 727 F.3d 917, 927 (9th Cir. 2013)

3   (citation and internal quotation marks omitted) (noting a plaintiff's factual

4   allegations must "nudge[]" any legal claims "across the line from conceivable to

5   plausible").

6                                   **III.**

7                          **DISCUSSION**

8   **A.   The FAC Fails To Comply With The Pleading Requirements Of Rule 8**

9        **Of The Federal Rules Of Civil Procedure**

10      Rule 8(a) requires that a complaint contain "a short and plain statement of

11  the claim showing that the pleader is entitled to relief."  Further, Rule 8(d)(1)

12  provides "[e]ach allegation must be simple, concise, and direct."  As the Supreme

13  Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of

14  entitlement to relief."  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 n.3, 127

15  S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Complaints that are "argumentative, prolix,

16  replete with redundancy, and largely irrelevant" and that "consist[] largely of

17  immaterial background information" are subject to dismissal under Rule 8.  <u>See</u>

18  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).

19      In the instant case, it is difficult for the Court to determine the exact nature

20  of Plaintiff's claims.  Here, numerous run-on and incomplete sentences,

21  inconsistent internal references, combined with pages that end mid-sentence (see

22  FAC at 8) render the FAC incomprehensible.  As a result of the FAC's lack of

23  clarity and specificity, the Court cannot decipher the nature of Plaintiff's claims.

24  Hence, the FAC does not give Defendants adequate notice of the legal claims being

25  asserted against them.  <u>See</u> <u>McHenry</u>, 84 F.3d at 1176.  For example, it is unclear

26  whether Plaintiff is alleging wrongful acts in relation to his underlying civil case,

27

28                          4

or whether he is purporting to assert a separate alleged wrong.[1]  Unclear pleadings such as the FAC, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based" remain subject to dismissal.  <u>Little v. Baca</u>, No. CV 13–0373 PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).  Accordingly, the FAC must be dismissed.  <u>See also</u> <u>Clayburn v. Schirmer</u>, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

In amending the FAC, Plaintiff must state each of his claims separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it.  <u>See</u> <u>Bautista v. L.A. Cnty.</u>, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.").  Plaintiff should identify when the alleged harm was committed, who caused the alleged harm, and what actions were committed by each alleged wrongdoer.

**B.**   **<u>The FAC Does Not Unambiguously Identify the Defendants</u>**

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint.  A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for

---

[1]   In the request for relief, Plaintiff first mentions prior litigation in state court alleging "intentionally discriminatory conduct prior to 2014" and now requests injunctive relief because he alleges he is being retaliated against because he "did not receive the judgment ordering Injunctive relief."  FAC at 6.

5

1    what relief . . . ."  <u>McHenry</u>, 84 F.3d at 1178.

2         Here, while the City of Costa Mesa appears in the caption of the FAC, it is

3    not listed in the section of the FAC identifying the parties.  FAC at 1-2.  However,

4    Plaintiff seeks monetary relief from the City of Costa Mesa Claims Department.

5    FAC at 6.  The Court is therefore unable to determine whether Plaintiff intended to

6    name the City of Cost Mesa as a defendant.  Further, Police Chief Johnson is listed

7    in the body of the FAC, but does not appear in the caption.

8         If Plaintiff decides to include the City of Costa Mesa or Police Chief

9    Johnson in an amended complaint, he must clarify exactly who the defendants are -

10    - at a minimum, the caption and body of the complaint must agree.

11    **C.**    **<u>The FAC Fails To State A Claim Against Any Defendant In His Official</u>**

12          **<u>Capacity, Or Any Entity Defendant</u>**

13         The U.S. Supreme Court has held an "official-capacity suit is, in all respects

14    other than name, to be treated as a suit against the entity."  <u>Kentucky v. Graham</u>,

15    473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); <u>see also</u> <u>Brandon v.</u>

16    <u>Holt</u>, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); <u>Larez v. City</u>

17    <u>of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is *not* a suit

18    against the official personally, for the real party in interest is the entity."  <u>Graham</u>,

19    473 U.S. at 166.  Moreover, a local government entity "may not be sued under

20    § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is only

21    when execution of a government's policy or custom, whether made by its

22    lawmakers or by those whose edicts or acts may fairly be said to represent official

23    policy, inflicts the injury that the government as an entity is responsible under

24    § 1983."  <u>Monell v. Dep't of Social Servs. of City of N.Y.</u>, 436 U.S. 658, 694, 98

25    S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

26         Here, the FAC appears to name the City of Newport Beach and Newport

27

28                     6

Beach Police Chief Jay Johnson in their official capacity.  FAC at 2.

Defendant Johnson is allegedly employed by the City of Newport Beach.
FAC at 2.  Accordingly, for purposes of Plaintiff's federal civil rights claims, the
entity that would be the real party in interest in any official-capacity suit against
the named individual defendant is ultimately the City of Newport Beach (not the
individual defendant).  Therefore, Plaintiff's claims against defendant Johnson in
his official capacity must be dismissed.

In addition, the City of Newport Beach and the City of Costa Mesa may not
be held liable for the alleged actions of, for example, City of Newport Beach or
City of Costa Mesa police officers, unless "the action that is alleged to be
unconstitutional implements or executes a policy statement, ordinance, regulation,
or decision officially adopted or promulgated by that body's officers," or if the
alleged constitutional deprivation was "visited pursuant to a governmental
'custom' even though such a custom has not received formal approval through the
body's official decisionmaking channels."  See Monell, 436 U.S. at 690-91; accord
Redman v. Cnty. of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).  Plaintiff
has not identified any policy statements or regulations of the City of Newport
Beach of the City of Costa Mesa, or any officially adopted or promulgated
decisions, the execution of which by these entities' agents or employees allegedly
inflicted the injuries about which he is complaining.  Moreover, Plaintiff has failed
to allege any facts that would cause the Court to "draw the reasonable inference"
that any of these entities has a governmental custom of harassing and retaliating
against Plaintiff.[2]  Plaintiff's claims against the City of Newport Beach and the

---

[2]   Plaintiff actually appears to allege the basis for his alleged mistreatment is
personal and specific to him (i.e., not the result of a custom or policy).  For
example, Plaintiff alleges "no other persons in the Newport Beach area are

City of Costa Mesa must, therefore, also be dismissed.

* * * * *

Accordingly, Plaintiff's claims against (1) defendant Johnson in his official capacity; and (2) entity defendants City of Costa Mesa and City of Newport Beach must be dismissed.

## IV.

## <u>LEAVE TO FILE A FIRST AMENDED COMPLAINT</u>

For the foregoing reasons, the FAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT**:

1)      Plaintiff shall have up to and including **September 28, 2015**, to file a Second Amended Complaint to attempt to cure the deficiencies discussed above.  The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which plaintiff is encouraged to utilize.

2)      If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  The Second Amended Complaint must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

---

subjected to constant mistreatment."  FAC at 2.

8

1    An amended complaint supersedes the preceding complaint.  Ferdik v.

2  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will

3  treat all preceding complaints as nonexistent.  Id.  Because the Court grants

4  Plaintiff leave to amend as to all his claims raised here, any claim that was raised in

5  a preceding complaint is waived if it is not raised again in the Second Amended

6  Complaint.  Lacey, 693 F.3d at 928.

7    Alternatively, Plaintiff may request a voluntary dismissal of this action

8  without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of**

9  **Dismissal Form is attached for Plaintiff's convenience.**

10    Because this will be Plaintiff's second opportunity to amend his complaint to

11  rectify pleading deficiencies, the Court advises Plaintiff that it generally will not be

12  well-disposed toward another dismissal with leave to amend if Plaintiff files a

13  Second Amended Complaint that continues to include claims on which relief

14  cannot be granted.  "[A] district court's discretion over amendments is especially

15  broad 'where the court has already given a plaintiff one or more opportunities to

16  amend his complaint.'"  Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066

17  (C.D. Cal. 2012) (citations omitted); see also Ferdik v. Bonzelet, 963 F.2d 1258,

18  1261 (9th Cir. 1992).  See, e.g., Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir.

19  1994) ("Kaplan has already amended the complaint twice . . . ."); Zavala v.

20  Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was

21  proper because Zavala was given two prior opportunities to amend his complaint in

22  order to correct the deficiencies identified by the district court but failed to do

23  so."); Smith v. Solis, 331 F. App'x 482, 482-83 (9th Cir. 2009) ("The district court

24  properly dismissed the action with prejudice because Smith's second amended

25  complaint did not state a claim for deliberate indifference and Smith failed to

26  correct the defects.").  Thus, **if Plaintiff files a Second Amended Complaint with**

27  **claims on which relief cannot be granted, the Second Amended Complaint will**

28

be dismissed without leave to amend and with prejudice.

Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

DATED: August 26, 2015

_____
HON. KENLY KIYA KATO
United States Magistrate Judge

10