1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11  IVAN MOOD,                          ) Case No. SACV 15-1154-MMM(KK)
                                        )
12              Plaintiff,              )
                                        ) **ORDER DISMISSING SECOND**
13         v.                           ) **AMENDED COMPLAINT WITH**
                                        ) **LEAVE TO AMEND**
14                                      )
    CITY OF COSTA MESA, ET AL.,         )
15                                      )
                Defendants.             )
16  _____   )
17
18                     **I.**
19               **INTRODUCTION**
20        On July 22, 2015, plaintiff Ivan Mood ("Plaintiff"), proceeding *pro se* and *in*
21  *forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF
22  Docket No. ("dkt") 1). The Complaint appeared to allege a conspiracy by the City
23  of Costa Mesa, the City of Newport Beach, and various police officers and city
24  employees, to harass Plaintiff and retaliate against him for litigation in Orange
25  County Superior Court, in which he sought to or did depose defendant Tom Gaszi.
26  On July 27, 2015, the Court dismissed the Complaint with leave to amend. (Dkt.
27
28                         1

1   8).

2       On August 24, 2015, Plaintiff filed a First Amended Complaint ("FAC").

3   (Dkt. 9).  The FAC appeared to allege various instances of harassment, false arrest,

4   mistreatment, and excessive force by police officers, security guards, and local

5   business owners in violation of Plaintiff's "federal constitutional or statutory civil

6   right" and the "Due Process Clause of the Fourteenth Amendment."  (Id.)  The

7   FAC appeared to name the following defendants: the City of Costa Mesa, the City

8   of Newport Beach, and Newport Beach Police Chief Jay Johnson each in their

9   official capacity.  (Id.)  On August 26, 2015, the Court dismissed the FAC with

10  leave to amend.  (Dkt. 10).

11      On September 28, 2015, Plaintiff filed a Second Amended Complaint

12  ("SAC").  (Dkt. 11).  The SAC names defendants City of Newport Beach and City

13  of Costa Mesa in their official capacity.  SAC at 2.  Plaintiff alleges violations of

14  his Fourth, Fifth, and Fourteenth Amendment rights, as well as state law claims for

15  negligence and intentional infliction of emotional distress.  The SAC addresses

16  some of the deficiencies in the prior pleadings, and the Court appreciates Plaintiff's

17  efforts to concisely explain his causes of action and alleged injuries.  Nonetheless,

18  after careful review and consideration of the allegations of the SAC under the

19  relevant standards, the Court finds the SAC subject to dismissal for various

20  deficiencies.  However, dismissal will be with leave to amend.

21  **II.**

22  **FACTUAL ALLEGATIONS OF THE SAC**

23  **A.**  **False Arrest and Unreasonable Search and Seizure**

24      In the SAC, Plaintiff alleges the following instances of false arrest and

25  unreasonable search and seizure pursuant to an official custom or policy of the

26  Cities of Newport Beach and Costa Mesa to detain and harass homeless individuals

27

28  2

1  without probable cause, in violation of Plaintiff's Fourth and Fourteenth

2  Amendment rights:

3       ***1.     City of Newport Beach***

4       On March 12, 2014, Plaintiff was detained by police officers outside the

5  Orange County courthouse.  SAC at 4.  Plaintiff alleges he "was issued a citation

6  for riding his bike on the sidewalk, but was in the street when the officer drove to

7  this area from two blocks away."  Id.  Plaintiff alleges he was detained pursuant to

8  the City of Newport Beach's improper policy and practice "of detaining homeless

9  persons at will and without proper justification."  Id.

10      On July 8, 2014, Plaintiff was detained by police officers, placed in

11 handcuffs, and arrested when he was falsely accused of being under the influence

12 of a controlled substance.  SAC at 4.  Plaintiff alleges the City of Newport Beach

13 has "adopted an official policy and practice of improperly stopping and detaining

14 homeless individuals, including plaintiff."  Id.

15      On August 30, 2014, Plaintiff was detained by police officer Pallas and

16 placed in handcuffs for 30 minutes outside Pavilions grocery store.  SAC at 5.

17 Officer Pallas "stated that no crime had occurred."  Id.  Plaintiff alleges "this

18 detainment was part of the City of Newport Beach's policy and practice of

19 improperly detaining homeless persons, including [Plaintiff], without probable

20 cause."  Id.

21      On July 2, 2015, Plaintiff was stopped and searched by a police officer near

22 the entrance of the Sol Mexican Cocina, "because [Plaintiff] looked like a person

23 [the officer] could treat like a homeless person."  SAC at 5.  Plaintiff alleges this

24 detainment was pursuant to the City of Newport Beach's policy and practice of

25 "improperly detaining homeless persons, including [Plaintiff], without probable

26 cause."  Id.

27

28                                    3

1       ***2.***     ***City of Costa Mesa***

2       On April 5, 2014, Plaintiff was falsely arrested for being under the influence

3 of a controlled substance, forced to submit to a blood exam, "which came back

4 negative for any controlled substance," and held in jail overnight.  SAC at 3.

5 Plaintiff alleges "[t]his officer had no reasonable suspicion or probable cause to

6 believe that [Plaintiff] was under the influence of any controlled substance."  Id.

7 Plaintiff alleges "this detainment was part of the City of Costa Mesa policy and

8 practice of improperly detaining specific persons 'without probable cause' for their

9 reputation as, without a place of residence."  Id.

10       On August 31, 2015, Plaintiff was unreasonably detained when police

11 officer Jones fraudulently stated it was a civil infraction to ride his bike with

12 headphones on and ride on the sidewalk.  SAC at 6.

13 **B.**     **Violation of Privilege Against Self-Incrimination**

14       Plaintiff also alleges a "violation under Sixth Amendment Rights against

15 self-incrimination" when Plaintiff was "subjected to submit to a forced blood

16 exam."  SAC at 7.

17 **C.**     **Negligence**

18       Plaintiff appears to allege a state law negligence claim based on Defendants'

19 "negligence in how the officers are trained" (SAC at 7), specifically the "Superiors

20 are negligent to misinform their officer's, that an arrest made without probable

21 cause, can be considered a simple detainment" (SAC at 9).

22 **D.**     **Intentional Infliction of Emotional Distress**

23       Lastly, Plaintiff appears to allege a state law claim for intentional infliction

24 of emotional distress when City of Costa Mesa police officers "did what would be

25 most punishing and emotionally distressful" while arresting him on April 5, 2014,

26 and City of Newport Beach officers caused Plaintiff "to sustain intentional

27

28                                4

1   infliction of emotional distress" by "fraudulently" issuing him a citation for riding

2   his bike on the sidewalk on March 12, 2014.  SAC at 3-4.

3                                    **III.**

4                             **LEGAL STANDARD**

5          The Prison Litigation Reform Act of 1996 obligates the court to review

6   complaints filed by all persons proceeding *in forma pauperis*.  See 28 U.S.C.

7   §§ 1915(e)(2), 1915A.  Under these provisions, the court may sua sponte dismiss,

8   "at any time," *in forma pauperis* complaints that are frivolous or malicious, fail to

9   state a claim, or seek damages from defendants who are immune.  Id.; see also

10  Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

11         A complaint may be dismissed for failure to state a claim "where there is no

12  cognizable legal theory or an absence of sufficient facts alleged to support a

13  cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)

14  (citation and internal quotation marks omitted).  In considering whether a

15  complaint states a claim, "a court must accept as true all allegations of material fact

16  and must construe those facts in the light most favorable to the plaintiff."

17  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal

18  quotation marks omitted).  However, a court need not accept as true "allegations

19  that are merely conclusory, unwarranted deductions of fact, or unreasonable

20  inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008)

21  (citation and internal quotation marks omitted).  While a complaint may not be

22  dismissed simply because its factual allegations seem "unlikely," it may be

23  dismissed if the allegations "rise to the level of the irrational or the wholly

24  incredible."  Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d

25  340 (1992).  "[T]o be entitled to the presumption of truth, allegations in a

26  complaint or counterclaim may not simply recite the elements of a cause of action,

27

28                                     5

1   but must contain sufficient allegations of underlying facts to give fair notice and to

2   enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d

3   1202, 1216 (9th Cir. 2011).

4        "To survive a motion to dismiss, a complaint must contain sufficient factual

5   matter, accepted as true, to state a claim to relief that is plausible on its face."

6   Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal

7   quotation marks omitted). "[F]actual allegations that are taken as true must

8   plausibly suggest an entitlement to relief, such that it is not unfair to require the

9   opposing party to be subjected to the expense of discovery and continued

10  litigation." Starr, 652 F.3d at 1216. A claim is facially plausible when it "allows

11  the court to draw the reasonable inference that the defendant is liable for the

12  misconduct alleged." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011)

13  (citation and internal quotation marks omitted). "Determining whether a complaint

14  states a plausible claim for relief will . . . be a context-specific task that requires the

15  reviewing court to draw on its judicial experience and common sense." Blantz v.

16  Cal. Dep't of Corrections and Rehabilitation, 727 F.3d 917, 927 (9th Cir. 2013)

17  (citation and internal quotation marks omitted) (noting a plaintiff's factual

18  allegations must "nudge[]" any legal claims "across the line from conceivable to

19  plausible"). Rule 8(a) requires that a complaint contain "a short and plain

20  statement of the claim showing that the pleader is entitled to relief." Further, Rule

21  8(d)(1) provides "[e]ach allegation must be simple, concise, and direct." As the

22  Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket

23  assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544,

24  555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

25  ///

26  ///

27

28                                         6

## IV.

## DISCUSSION

**A.      Plaintiff Has Sufficiently Pled Fourth and Fourteenth Amendment Claims for False Arrest and Unreasonable Search and Seizure Against the City of Newport Beach and the City of Costa Mesa**

*1.      Constitutional Violations*

**a.      Relevant Law**

The Fourth Amendment prohibits "unreasonable searches and seizures." Heien v. N. Carolina, 135 S. Ct. 530, 534, 190 L. Ed. 2d 475 (U.S. 2014).  In determining whether an individual search or seizure is reasonable, the Court evaluates the "totality of [the] circumstances," Missouri v. McNeely, __U.S. __, 133 S. Ct. 1552, 1559, 185 L. Ed. 2d 696 (2013), including "[1] the scope of the particular intrusion, [2] the manner of its conduct, and [3] the justification for initiating it."  United States v. Cameron, 538 F.2d 254, 258 (9th Cir. 1976) (internal quotation marks omitted).

A false or unlawful arrest is treated as a claim of unreasonable seizure of the person through the Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment.  Brower v. County of Inyo, 489 U.S. 593, 596 (1989).  To prevail on a § 1983 false arrest claim, a plaintiff must show that there was no probable cause for the arrest.  Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (*per curiam*).  Probable cause requires "a reasonable belief evaluated in light of the officer's experience and the practical considerations of everyday life" that a crime has been, is being, or is about to be committed.  United States v. George, 883 F.2d 1407, 1412 (9th Cir. 1989).  In other words, probable cause exists when, under the totality of circumstances known to the arresting officer, a reasonable person would believe

1  that the suspect had committed a crime.  Dubner v. City & Co. of San Francisco,

2  266 F.3d 959, 966 (9th Cir. 2001).  However, in a § 1983 action, "the factual

3  matters underlying the judgment of reasonableness generally mean that probable

4  cause is a question for the jury."  McKenzie v. Lamb, 738 F.2d 1005, 1008 (9th

5  Cir. 1984).

6           b.     Analysis

7       Here, in each instance of alleged detainment or arrest, Plaintiff alleges there

8  was not sufficient justification for the scope of the intrusion on his liberty.

9  Plaintiff alleges there was no reasonable suspicion or probable cause for a City of

10  Costa Mesa police officer to detain and arrest him on April 5, 2014 or a City of

11  Newport Beach police officer to detain and arrest him on July 8, 2014 for being

12  under the influence of a controlled substance based solely on looking at him.  SAC

13  at 3-4.  Plaintiff alleges there was no reasonable suspicion or probable cause for a

14  City of Newport Beach police officer to detain him and issue a citation on March

15  12, 2014 for riding his bike on the sidewalk, because he was not riding his bike on

16  the sidewalk.  SAC at 4.  Plaintiff alleges there was no reasonable suspicion or

17  probable cause for a City of Newport Beach police officer to detain him and

18  handcuff him at the Pavilions on August 30, 2014, particularly because the officer

19  admitted there was no crime committed.  SAC at 5.  Plaintiff alleges the sole

20  justification for a City of Newport Beach police officer to stop and search him on

21  July 2, 2015 near the Sol Mexican Cocina, was "because [Plaintiff] looked like a

22  person [the officer] could treat like a homeless person."  Id.  Finally, Plaintiff

23  alleges there was no justification for detaining him on August 31, 2015, because

24  the City of Costa Mesa police officer fabricated the law under which he was

25  purporting to detain Plaintiff.  SAC at 6.  While a reasonable mistake of law may

26  still give rise to the reasonable suspicion necessary to uphold a seizure under the

27

28                                         8

1   Fourth Amendment (<u>Heien</u>, 135 S. Ct. at 534), an intentional fabrication will not

2   be considered reasonable.

3          Therefore, Plaintiff has sufficiently pled violations of his Fourth and

4   Fourteenth Amendment rights, based on the allegedly unreasonable searches and

5   seizures set forth above, by police officers acting under color of law and employed

6   by defendants, the City of Costa Mesa and the City of Newport Beach.

7          **2.     *Entity Liability***

8                 **a.     Relevant Law**

9          A local government entity "may not be sued under § 1983 for an injury

10   inflicted solely by its employees or agents.  Instead, it is only when execution of a

11   government's policy or custom, whether made by its lawmakers or by those whose

12   edicts or acts may fairly be said to represent official policy, inflicts the injury that

13   the government as an entity is responsible under § 1983." <u>Monell v. Dep't of</u>

14   <u>Social Servs. of City of N.Y.</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611

15   (1978).  A plaintiff must show that a municipal policy or custom was the "moving

16   force" behind the constitutional deprivation by demonstrating that the municipal

17   action was taken with deliberate indifference to known or plainly obvious

18   consequences and directly caused the deprivation of constitutional rights.  <u>Board of</u>

19   <u>County Comm'rs of Bryan County, Okl. v. Braves</u>, 520 U.S. 397, 404-05, 117 S.

20   Ct. 1382, 1386, 137 L. Ed. 2d 626 (1997).  A single incident of unconstitutional

21   conduct by a municipal employee is "clearly insufficient" to prove the existence of

22   municipal policy.  <u>Merritt v. County of Los Angeles</u>, 875 F.2d 765, 770 (9th Cir.

23   1989) (citing <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24, 105 S. Ct. 2427,

24   2429, 85 L. Ed. 2d 791 (1985)).  Proof of random acts or isolated events also is

25   insufficient to establish a custom or practice.  <u>Thompson v. City of Los Angeles</u>,

26   885 F.2d 1439, 1444 (9th Cir. 1989).  Rather, a plaintiff must prove widespread,

27   systematic constitutional violations which have become the force of law.  <u>Board of</u>

28

1  County Comm'rs, 520 U.S. at 404.

2  However, in determining whether a plaintiff has sufficiently pled a § 1983

3  claim against a municipality, the allegations are sufficient if the complaint [1]

4  identifies the challenged policy/custom, [2] explains how the policy/custom is

5  constitutionally deficient, [3] explains how the policy/custom caused the plaintiff

6  harm, and [4] reflects how the policy/custom amounted to deliberate indifference,

7  i.e. explained how the deficiency involved was obvious and the constitutional

8  injury was likely to occur.  Lee v. City of Los Angeles, 250 F.3d 668, 682 (9th Cir.

9  2001); Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

10  **b.    Application**

11  Here, Plaintiff identifies a policy of detaining and harassing homeless

12  persons without probable cause.  SAC at 3-6.  Such a policy is deficient because it

13  would permit police officers to violate the Fourth and Fourteenth Amendment

14  rights of homeless persons.  Id.  Plaintiff identifies six specific examples of how

15  the policy has caused him harm, two by the City of Costa Mesa and four by the

16  City of Newport Beach.  Id.  Finally, Plaintiff alleges that because of the policy,

17  constitutional injuries are "very likely to occur."  SAC at 4, 6.

18  Accordingly, Plaintiff has sufficiently pled violations of his Fourth and

19  Fourteenth Amendment rights by Defendants.

20  **B.    Plaintiff Fails to State a Claim for Violation of "Right Against Self-**

21  **Incrimination"**

22  The Fifth Amendment[1] privilege against self-incrimination provides that a

23  person may not "be compelled in any criminal case to be a witness against

24  himself."  Schmerber v. California, 384 U.S. 757, 760, 86 S. Ct. 1826, 1830, 16 L.

25

26
27  [1]  Plaintiff erroneously identifies the privilege against self-incrimination as arising out of the Sixth Amendment.   SAC at 7.

28

10

1   Ed. 2d 908 (1966).  However, it is well established that a compelled blood test does

2   not implicate the privilege against self-incrimination.  Id.  Therefore, while the

3   scope of the search on April 5, 2014 may have violated Plaintiff's Fourth

4   Amendment right to be free from unreasonable search and seizure, Plaintiff's claim

5   for violation of his right against self-incrimination appears to be fatally flawed.

6   **C.      Plaintiff Fails to State a Claim for Negligence Under State Law**

7        A municipality may not be held directly liable for negligent training, hiring

8   and supervision practices of police officers, because there is no statutory basis

9   under California law for declaring an entity directly liable for negligence.  See

10  Munoz v. City of Union City, 120 Cal. App. 4th 1077, 1113, 16 Cal. Rptr. 3d 521,

11  549 (2004), opinion modified on denial of reh'g (Aug. 17, 2004) disapproved of on

12  other grounds in Hayes v. Cnty. of San Diego, 57 Cal. 4th 622, 305 P.3d 252

13  (2013); see also Reinhardt v. Santa Clara Cnty., No. 05-05143, 2006 WL 3147691,

14  at *10 (N.D.Cal. Nov. 1, 2006) ("All allegations of direct liability on the part of the

15  entity defendants, such [as] the failure-to-train allegations, fail as a matter of law,

16  because plaintiff has cited no statute imposing such liability."); Johnson v. Shasta

17  Cnty., 83 F. Supp. 3d 918, 936-37 (E.D. Cal. 2015) (granting motion to dismiss

18  negligence claim against county defendant for alleged negligence in "hiring,

19  training, supervision, or retention of individual police officers").

20       Here, Plaintiff appears to attempt to allege a state law negligence claim

21  based on Defendants' "negligence in how the officers are trained."  SAC at 7.

22  Therefore, Plaintiff's claim that the City of Newport Beach and the City of Costa

23  Mesa may be held directly liable for alleged negligent training appears to be fatally

24  flawed.

25  ///

26  ///

27  **D.      Plaintiff Fails to State a Claim for Intentional Infliction of Emotional**

28

1    **Distress Under State Law**

2    *1.      Relevant Law*

3    The elements of intentional infliction of emotional distress are: (1) extreme

4    and outrageous conduct by the defendants with the intention of causing, or reckless

5    disregard of the probability of causing, emotional distress; (2) the plaintiff's

6    suffering severe or extreme emotional distress; and (3) actual and proximate

7    causation of the emotional distress by the defendant's outrageous conduct.  Potter

8    v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001, 25 Cal.Rptr.2d 550, 863 P.2d

9    795 (1993); Delfino v. Agilent Technologies, Inc., 145 Cal.App.4th 790, 808, 52

10   Cal.Rptr.3d 376 (2006).  For conduct to be extreme and outrageous, it must be "so

11   extreme as to exceed all bounds of that usually tolerated in a civilized community."

12   Potter, 6 Cal.4th at 1001, 25 Cal.Rptr.2d 550, 863 P.2d 795; Delfino, 145

13   Cal.App.4th at 809, 52 Cal.Rptr.3d 376.  See also Sanders v. City of Fresno, 551 F.

14   Supp. 2d 1149, 1179-80 (E.D. Cal. 2008) aff'd, 340 F. App'x 377 (9th Cir. 2009).

15   California Government Code § 815.2 provides "[a] public entity is liable for

16   injury proximately caused by an act or omission of an employee of the public

17   entity within the scope of his employment if the act or omission would, apart from

18   this section, have given rise to a cause of action against that employee or his

19   personal representative."  Cal. Gov't Code § 815.2(a).  "California . . . has rejected

20   the Monell rule and imposes liability on counties under the doctrine of respondeat

21   superior for acts of county employees; it grants immunity to counties only where

22   the public employee would also be immune."  Robinson v. Solano Cnty., 278 F.3d

23   1007, 1016 (9th Cir. 2002); see also J.K.G. v. Cnty. of San Diego, No. 11CV305

24   JLS (RBB), 2011 WL 5218253, at *11 (S.D. Cal. Nov. 2, 2011) (denying motion

25   to dismiss vicarious liability for intentional infliction of emotional distress claim

26   against county, where plaintiff alleged sufficient facts to state a claim against

27   individual county employee's acting within the scope of his employment).

28

12

1    *2.    Application*

2        Plaintiff appears to attempt to allege a state law claim for intentional

3    infliction of emotional distress when City of Costa Mesa police officers "did what

4    would be most punishing and emotionally distressful" while arresting him and

5    forcing him to submit to a blood exam on April 5, 2014, and City of Newport

6    Beach officers caused Plaintiff "to sustain intentional infliction of emotional

7    distress" by "fraudulently" issuing him a citation for riding his bike on the

8    sidewalk on March 12, 2014.  SAC at 3-4.

9        Plaintiff has not alleged (a) outrageous conduct "so extreme as to exceed all

10   bounds of that usually tolerated in a civilized community"; (b) he is suffering

11   severe or extreme emotional distress; or (c) that the actual and proximate causation

12   of the emotional distress was the police officer's allegedly outrageous conduct.

13   Therefore, the SAC fails to state a claim for intentional infliction of emotional

14   distress under California law.

15                              **V.**

16            **LEAVE TO FILE A THIRD AMENDED COMPLAINT**

17       For the foregoing reasons, the SAC is subject to dismissal.  As the Court is

18   unable to determine whether amendment would be futile, leave to amend is

19   granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

20   curiam).

21       Accordingly, **IT IS ORDERED THAT within 21 days of the service date**

22   **of this Order**:

23       1) **Plaintiff may file a Third Amended Complaint ("TAC") to attempt to**

24   **cure the deficiencies with his causes of action for (i) violation of his right**

25   **against self-incrimination, (ii) negligent training of police officers, and (iii)**

26   **intentional infliction of emotion distress.**  The Clerk of Court is directed to mail

27   Plaintiff a blank Central District civil rights complaint form to use for filing the

28

1  TAC, which plaintiff is encouraged to utilize.

2      2) **Alternatively, Plaintiff may voluntarily dismiss the identified**

3  **deficient claims and proceed solely on his remaining claims.**  In other words,

4  Plaintiff must file a voluntary dismissal of his claims against the City of Costa

5  Mesa and the City of Newport Beach for (i) violation of his right against self-

6  incrimination, (ii) negligent training of police officers, and (iii) intentional

7  infliction of emotional distress.  If Plaintiff chooses this option, Plaintiff's

8  remaining claims against the City of Costa Mesa and the City of Newport Beach

9  are for violations of his Fourth and Fourteenth Amendment rights based on the

10  allegedly unreasonable searches and seizures and false arrests.  **If Plaintiff elects**

11  **to dismiss the deficient claims, he should file within 21 days of the service date**

12  **of this Order, a document captioned "Voluntary Dismissal" in which he**

13  **identifies the claims he is dismissing from the action.**  The Clerk is directed to

14  provide Plaintiff with a Notice of Voluntary Dismissal Form, CV-09.

15      3) If Plaintiff chooses to file a TAC, the TAC should bear the docket number

16  assigned to this case, be labeled "Third Amended Complaint," and be complete in

17  and of itself without reference to the SAC or any other pleading, attachment, or

18  document.  **Plaintiff shall not include new defendants or new allegations that**

19  **are not reasonably related to the claims asserted in the SAC.**

20      An amended complaint supersedes the preceding complaint.  Ferdik v.

21  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will

22  treat all preceding complaints as nonexistent.  Id.  Because the Court grants

23  Plaintiff leave to amend as to all his claims raised here, any claim that was raised in

24  a preceding complaint is waived if it is not raised again in the Third Amended

25  Complaint.  Lacey, 693 F.3d at 928.

26      Because this will be Plaintiff's third opportunity to amend his complaint to

27  rectify pleading deficiencies, the Court advises Plaintiff that it generally will not be

28
                                      14

well-disposed toward another dismissal with leave to amend if Plaintiff files a Third Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  See, e.g., Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) ("Kaplan has already amended the complaint twice . . . ."); Zavala v. Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so."); Smith v. Solis, 331 F. App'x 482, 482-83 (9th Cir. 2009) ("The district court properly dismissed the action with prejudice because Smith's second amended complaint did not state a claim for deliberate indifference and Smith failed to correct the defects.").  Thus, **if Plaintiff files a Third Amended Complaint with claims on which relief cannot be granted, the Third Amended Complaint may be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

DATED: October 8, 2015

HON. KENLY KIYA KATO
United States Magistrate Judge

15