1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVIN MOOD, | Case No. SACV 15-1154-SVW (KK) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| CITY OF COSTA MESA, et al., | |
| Defendant(s). | |

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, pursuant to Title 28 of the United States Code, section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**SUMMARY OF RECOMMENDATION**

This is a <u>pro se</u> civil rights action.  Defendants City of Costa Mesa and City of Newport Beach ("Defendants") both filed Motions to Dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim.  ECF Docket Nos. ("Dkt.") 23, 31.  For the reasons that follow, the Court recommends the Motions be denied.

## II.

## PROCEDURAL HISTORY

On July 22, 2015, Plaintiff Ivin Mood ("Plaintiff"), proceeding in forma pauperis and pro se, filed a Complaint pursuant to Title 42 of the United States Code, section 1983 ("Section 1983"). Dkts. 1, 3, Compl. The Complaint appeared to allege a conspiracy by the City of Costa Mesa, the City of Newport Beach, and various police officers and city employees, to harass Plaintiff and retaliate against him for litigation in Orange County Superior Court, in which he sought to or did depose defendant Tom Gaszi. Id. On July 27, 2015, after screening the Complaint under Title 28 of the United States Code, sections 1915(e)(2) and 1915A, the Court dismissed the Complaint with leave to amend. Dkt. 8.

On August 24, 2015, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 9, FAC. The FAC appeared to allege various instances of harassment, false arrest, mistreatment, and excessive force by police officers, security guards, and local business owners in violation of Plaintiff's "federal constitutional or statutory civil right" and the "Due Process Clause of the Fourteenth Amendment." Id. The FAC appeared to name the following defendants: the City of Costa Mesa, the City of Newport Beach, and Newport Beach Police Chief Jay Johnson each in their official capacity. Id. On August 26, 2015, the Court dismissed the FAC with leave to amend. Dkt. 10.

On September 28, 2015, Plaintiff filed a Second Amended Complaint ("SAC"). Dkt. 11, SAC. The SAC names defendants City of Newport Beach and City of Costa Mesa solely in their official capacity. SAC at 2. Plaintiff alleges violations of his Fourth, Fifth, and Fourteenth Amendment rights, as well as state law claims for negligence and intentional infliction of emotional distress. See SAC. On October 8, 2015, the Court dismissed the SAC with leave to amend, or, in the alternative, allowing Plaintiff to proceed on his Fourth and Fourteenth Amendment

2

claims against City of Newport Beach and City of Costa Mesa if Plaintiff timely filed a Notice of Voluntary Dismissal of the other deficient claims.  Dkt. 12.  On October 15, 2015, Plaintiff filed a Notice of Voluntary Dismissal of the deficient claims.  Dkt. 13.  On October 16, 2015, the Court ordered service of the SAC on defendants City of Newport Beach and City of Costa Mesa.  Dkt. 14.

On January 26, 2016, City of Costa Mesa filed a Motion to Dismiss the SAC on the grounds the SAC (a) fails to comply with Federal Rule of Civil Procedure 8, and (b) fails to state a claim for municipal liability.  Dkt. 23.  On February 9, 2016, City of Newport Beach filed a Motion to Dismiss the SAC on the grounds the SAC (a) fails to comply with the pleading requirements of Iqbal and Twombly, and (b) fails to sufficiently allege a municipal policy.  Dkt. 31.

On March 31, 2016, Plaintiff filed an Opposition to the Motions to Dismiss.  Dkt. 38.

On, April 5, 2016, City of Newport Beach filed a Reply.  Dkt. 41.  On April 14, 2016, City of Costa Mesa filed a Reply.  Dkt. 42.

The Motions thus stand submitted and ready for decision.

### III.
### RELEVANT ALLEGATIONS OF THE SAC

In the SAC, Plaintiff alleges the following instances of false arrest and unreasonable search and seizure pursuant to an official custom or policy of the Cities of Newport Beach and Costa Mesa to detain and harass homeless individuals without probable cause, in violation of Plaintiff's Fourth and Fourteenth Amendment rights:

**A.     CITY OF NEWPORT BEACH**

On March 12, 2014, Plaintiff was detained by police officers outside the Orange County courthouse.  SAC at 4.  Plaintiff alleges he "was issued a citation

1   for riding his bike on the sidewalk, but was in the street when the officer drove to
2   this area from two blocks away." Id. Plaintiff alleges he was detained pursuant to
3   the City of Newport Beach's improper policy and practice "of detaining homeless
4   persons at will and without proper justification." Id.
5       On July 8, 2014, Plaintiff was detained by police officers, placed in
6   handcuffs, and arrested when he was falsely accused of being under the influence of
7   a controlled substance. Id. Plaintiff alleges the City of Newport Beach has
8   "adopted an official policy and practice of improperly stopping and detaining
9   homeless individuals, including plaintiff." Id.
10      On August 30, 2014, Plaintiff was detained by police officer Pallas and placed
11  in handcuffs for 30 minutes outside Pavilions grocery store. Id. at 5. Officer Pallas
12  "stated that no crime had occurred." Id. Plaintiff alleges "this detainment was
13  part of the City of Newport Beach's policy and practice of improperly detaining
14  homeless persons, including [Plaintiff], without probable cause." Id.
15      On July 2, 2015, Plaintiff was stopped and searched by a police officer near
16  the entrance of the Sol Mexican Cocina, "because [Plaintiff] looked like a person
17  [the officer] could treat like a homeless person." Id. Plaintiff alleges this
18  detainment was pursuant to the City of Newport Beach's policy and practice of
19  "improperly detaining homeless persons, including [Plaintiff], without probable
20  cause." Id.
21  **B.    CITY OF COSTA MESA**
22      On April 5, 2014, Plaintiff was falsely arrested for being under the influence
23  of a controlled substance, forced to submit to a blood exam, "which came back
24  negative for any controlled substance," and held in jail overnight. Id. at 3. Plaintiff
25  alleges "[t]his officer had no reasonable suspicion or probable cause to believe that
26  [Plaintiff] was under the influence of any controlled substance." Id. Plaintiff
27  alleges "this detainment was part of the City of Costa Mesa policy and practice of
28

                                        4

1   improperly detaining specific persons 'without probable cause' for their reputation
2   as, without a place of residence."  Id.

3        On August 31, 2015, Plaintiff was unreasonably detained when police officer
4   Jones fraudulently stated it was a civil infraction to ride his bike with headphones
5   on and ride on the sidewalk.  Id. at 6.

6

7                                        **IV.**
8                                **LEGAL STANDARD**
9        A complaint may be dismissed for failure to state a claim pursuant to Federal
10  Rule of Civil Procedure 12(b)(6) "where there is no cognizable legal theory or an
11  absence of sufficient facts alleged to support a cognizable legal theory."  Zamani v.
12  Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks
13  omitted).  In considering whether a complaint states a claim, a court must accept as
14  true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889,
15  892-93 (9th Cir. 2011).  However, the Court need not accept as true "allegations
16  that are merely conclusory, unwarranted deductions of fact, or unreasonable
17  inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008)
18  (citation and internal quotation marks omitted).

19       Although a complaint need not include detailed factual allegations, it "must
20  contain sufficient factual matter, accepted as true, to state a claim to relief that is
21  plausible on its face."  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011)
22  (citation and internal quotation marks omitted).  A claim is facially plausible when
23  it "allows the court to draw the reasonable inference that the defendant is liable for
24  the misconduct alleged."  Id. (citation and internal quotation marks omitted).  The
25  complaint "must contain sufficient allegations of underlying facts to give fair notice
26  and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652
27  F.3d 1202, 1216 (9th Cir. 2011).

28

1       "Determining whether a complaint states a plausible claim for relief will . . .

2 be a context-specific task that requires the reviewing court to draw on its judicial

3 experience and common sense."  Blantz v. Cal. Dep't of Corrections and

4 Rehabilitation, 727 F.3d 917, 927 (9th Cir. 2013) (citation and internal quotation

5 marks omitted) (noting a plaintiff's factual allegations must "nudge[]" any legal

6 claims "across the line from conceivable to plausible").  Federal Rule of Civil

7 Procedure 8(a) requires that a complaint contain "a short and plain statement of

8 the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a).

9 Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and

10 direct."  Fed. R. Civ. Proc. 8(d)(1).  As the Supreme Court has held, Rule 8(a)

11 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."

12 See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed.

13 2d 929 (2007).

14       "A document filed pro se is to be liberally construed, and a pro se complaint,

15 however inartfully pleaded, must be held to less stringent standards than formal

16 pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.

17 2008) (citations and internal quotation marks omitted).  The Court has "an

18 obligation where the petitioner is pro se, particularly in civil rights cases, to

19 construe the pleadings liberally and to afford the petitioner the benefit of any

20 doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal

21 quotation marks omitted).  If, however, a court finds that a pro se complaint has

22 failed to state a claim, dismissal may be with or without leave to amend.  Lopez v.

23 Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

24 ///

25 ///

26 ///

27 ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# V.

## DISCUSSION

Plaintiff has sufficiently pled Fourth and Fourteenth Amendment claims for false arrest and unreasonable search and seizure against the City of Newport Beach and the City of Costa Mesa.  In the SAC, Plaintiff alleges he suffered constitutional violations on numerous occasions as a result of Defendants' policy of detaining and harassing homeless persons without probable cause.  SAC at 3-6.

A.   **CONSTITUTIONAL VIOLATIONS**

1.   **Relevant Law**

The Fourth Amendment prohibits "unreasonable searches and seizures." Heien v. N. Carolina, ___ U.S. ___, 135 S. Ct. 530, 534, 190 L. Ed. 2d 475 (2014).  In determining whether an individual search or seizure is reasonable, the Court evaluates the "totality of [the] circumstances," Missouri v. McNeely, ___ U.S. ___, 133 S. Ct. 1552, 1559, 185 L. Ed. 2d 696 (2013), including "[1] the scope of the particular intrusion, [2] the manner of its conduct, and [3] the justification for initiating it."  United States v. Cameron, 538 F.2d 254, 258 (9th Cir. 1976) (internal quotation marks omitted).

A false or unlawful arrest is treated as a claim of unreasonable seizure of the person through the Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment.  Brower v. Cty. of Inyo, 489 U.S. 593, 596, 109 S. Ct. 1378, 1380, 103 L. Ed. 2d 628 (1989).  To prevail on a Section 1983 false arrest claim, a plaintiff must show that there was no probable cause for the arrest.  Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (*per curiam*).  Probable cause requires "a reasonable belief evaluated in light of the officer's experience and the practical considerations of everyday life" that a crime has been, is being, or is about to be committed.  United States v. George, 883 F.2d 1407, 1412 (9th Cir. 1989).  In other words, probable

1   cause exists when, under the totality of circumstances known to the arresting

2   officer, a reasonable person would believe that the suspect had committed a crime.

3   Dubner v. City & Co. of San Francisco, 266 F.3d 959, 966 (9th Cir. 2001).  While a

4   reasonable mistake of law may still give rise to the reasonable suspicion necessary

5   to uphold a seizure under the Fourth Amendment (Heien, 135 S. Ct. at 534), an

6   intentional fabrication will not be considered reasonable.

7   Additionally, in a Section 1983 action, "the factual matters underlying the

8   judgment of reasonableness generally mean that probable cause is a question for the

9   jury."  McKenzie v. Lamb, 738 F.2d 1005, 1008 (9th Cir. 1984).

10          **2.     Analysis**

11          Here, in each instance of alleged detainment or arrest, Plaintiff alleges there

12   was not sufficient justification for the scope of the intrusion on his liberty.  Plaintiff

13   alleges there was no reasonable suspicion or probable cause for a City of Newport

14   Beach police officer to detain him and issue a citation on March 12, 2014 for riding

15   his bike on the sidewalk, because he was not riding his bike on the sidewalk.  SAC at

16   4.  Plaintiff alleges there was no reasonable suspicion or probable cause for a City of

17   Costa Mesa police officer to detain and arrest him on April 5, 2014 or a City of

18   Newport Beach police officer to detain and arrest him on July 8, 2014 for being

19   under the influence of a controlled substance based solely on looking at him.  Id. at

20   3-4.  Plaintiff alleges the sole justification for a City of Newport Beach police officer

21   to stop and search him on July 2, 2015 near the Sol Mexican Cocina, was "because

22   [Plaintiff] looked like a person [the officer] could treat like a homeless person."  Id.

23   at 5.  Plaintiff alleges there was no reasonable suspicion or probable cause for a City

24   of Newport Beach police officer to detain him and handcuff him at the Pavilions on

25   August 30, 2014, particularly because the officer admitted there was no crime

26   committed.  Id.  Finally, Plaintiff alleges there was no justification for detaining him

27

28

1  on August 31, 2015, because the City of Costa Mesa police officer fabricated the
2  law under which he was purporting to detain Plaintiff.  Id. at 6.

3       Therefore, Plaintiff has sufficiently pled violations of his Fourth and
4  Fourteenth Amendment rights, based on the allegedly unreasonable searches and
5  seizures set forth above, by police officers of the City of Costa Mesa and the City of
6  Newport Beach acting under color of law.

7  **B.    ENTITY LIABILITY**
8       **1.    Relevant Law**

9       A local government entity "may not be sued under § 1983 for an injury
10 inflicted solely by its employees or agents.  Instead, it is only when execution of a
11 government's policy or custom, whether made by its lawmakers or by those whose
12 edicts or acts may fairly be said to represent official policy, inflicts the injury that
13 the government as an entity is responsible under § 1983."  Monell v. Dep't of
14 Social Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611
15 (1978).  A plaintiff must show that a municipal policy or custom was the "moving
16 force" behind the constitutional deprivation by demonstrating that the municipal
17 action was taken with deliberate indifference to known or plainly obvious
18 consequences and directly caused the deprivation of constitutional rights.  Board of
19 County Comm'rs of Bryan County, Okl. v. Braves, 520 U.S. 397, 404-05, 117 S. Ct.
20 1382, 137 L. Ed. 2d 626 (1997).  A single incident of unconstitutional conduct by a
21 municipal employee is "clearly insufficient" to prove the existence of municipal
22 policy.  Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989) (citing
23 Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791
24 (1985)).  Proof of random acts or isolated events also is insufficient to establish a
25 custom or practice.  Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th
26 Cir. 1989).  Rather, a plaintiff must prove widespread, systematic constitutional

27
28

1  violations which have become the force of law.  Board of County Comm'rs, 520
2  U.S. at 404.
3      In determining whether a plaintiff has sufficiently pled a Section 1983 claim
4  against a municipality, the allegations are sufficient if the complaint [1] identifies
5  the challenged policy/custom, [2] explains how the policy/custom is
6  constitutionally deficient, [3] explains how the policy/custom caused the plaintiff
7  harm, and [4] reflects how the policy/custom amounted to deliberate indifference,
8  i.e. explained how the deficiency involved was obvious and the constitutional injury
9  was likely to occur.  Lee v. City of Los Angeles, 250 F.3d 668, 682 (9th Cir. 2001);
10  Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) (finding the
11  allegations in Lee were sufficient to state a Monell claim after Iqbal and Twombly).
12      **2.    Application**
13      Here, Plaintiff identifies a policy of detaining and harassing homeless
14  persons without probable cause.  SAC at 3-6.  Such a policy is deficient because it
15  would permit police officers to violate the Fourth and Fourteenth Amendment
16  rights of homeless persons.  Id.  As discussed above in Section V.A., Plaintiff
17  identifies six specific examples of how the policy has caused him harm, two by the
18  City of Costa Mesa and four by the City of Newport Beach.  Id.  Finally, Plaintiff
19  alleges that because of the policy, constitutional injuries are "very likely to occur."
20  Id. at 4, 6.  The Court finds Plaintiff's allegations are "sufficient to 'give fair notice
21  and to enable the opposing party to defend itself effectively,' particularly since
22  information relating to the policies, customs, and practices of [Defendants] . . . is
23  likely to be easily available to them."  See Mateos-Sandoval v. Cty. of Sonoma, 942
24  F. Supp. 2d 890, 896 (N.D. Cal. 2013), aff'd sub nom. Sandoval v. Cty. of Sonoma,
25  591 F. App'x 638 (9th Cir. 2015), opinion amended and superseded on denial of
26  reh'g, 599 F. App'x 673 (9th Cir. 2015), and aff'd sub nom. Sandoval v. Cty. of
27  Sonoma, 599 F. App'x 673 (9th Cir. 2015); Boarman v. Cty. of Sacramento, No.
28

1   2:11-CV-02825 KJM, 2013 WL 1326196, at *4 (E.D. Cal. Mar. 29, 2013) (citing

2   <u>Starr</u>, 652 F.3d at 1216).

3        Accordingly, Plaintiff has sufficiently pled violations of his Fourth and

4   Fourteenth Amendment rights by Defendants.

5

6                                   **VI.**

7                          **<u>RECOMMENDATION</u>**

8        IT IS THEREFORE RECOMMENDED that the Court issue an Order: (1)

9   accepting this Final Report and Recommendation; and (2) DENYING Defendants'

10  Motions to Dismiss.

11

12  Dated: June 2, 2016

13                          _____
                            HONORABLE KENLY KIYA KATO
14                          United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28