UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 15-1154-SVW (KK) | Date: | May 16, 2017 |
|---|---|---|---|

Title: *Ivin Mood v. City of Costa Mesa, et al.*

---

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (a) Granting in Part and Denying in Part Defendants' Motion to Compel, (b) Granting Request for Sanctions, and (c) Vacating May 18, 2017 Hearing [Dkt. 73]

On April 12, 2017, Defendant City of Newport Beach ("Defendant") filed a Motion to Compel Further Responses to Requests for Production and Special Interrogatories ("Motion"). ECF Docket No. ("Dkt.") 73, MTC. Defendant also requests an award of expenses incurred in bringing the Motion in the sum of $1,760.00. Id. For the reasons set forth below, (a) Defendant's Motion is GRANTED IN PART and DENIED IN PART, and (b) Defendant's request for expenses is GRANTED in the sum of $1,320.00. The hearing set for May 18, 2017 is hereby VACATED.

## I.
## PROCEDURAL HISTORY

On December 20, 2016, Defendant served Plaintiff Ivin Mood ("Plaintiff") with Requests for Production of Documents and Interrogatories. Dkt. 66-1, Declaration of Allen Christiansen, ¶¶ 2-3, Exs. A, B. Plaintiff did not serve responses to the discovery requests. Id. ¶ 5.

On February 23, 2017, Defendant filed a Motion to Compel Responses to Requests for Production and Special Interrogatories ("Motion"). Dkt. 66, MTC.

On March 20, 2017, the Court granted Defendant's Motion to Compel Plaintiff to respond to Requests for Production and Special Interrogatories within ten days, i.e. by March 30, 2017. Dkt. 72.

On March 29, 2017, Defendant received Responses to its Requests for Production and Special Interrogatories. See Dkt. 73-2, Declaration of Allen Christiansen in support of Motion ("Christiansen Decl."), Ex. A. The same day, Defendant's counsel sent Plaintiff a letter explaining how the Responses were deficient and requesting a meet and confer conference pursuant to Local Rule 37-1. Id.

On April 4, 2017, Defendant's counsel received what appeared to be supplemental responses to Request for Production Nos. 12 and 13. Id. ¶ 3, Ex. B.

Plaintiff did not respond to Defendant's March 29, 2017 request to meet and confer. Id. ¶ 5.

On April 12, 2017, Defendant filed the instant Motion seeking to compel further responses to (a) Request for Production Nos. 1, 4, 5, 7, 8, 9, 11, 12, and 13; and (b) Special Interrogatory Nos. 9, 10, 11, 15, 16, and 17.[1] Dkt. 73. On April 27, 2017, Plaintiff filed an Opposition to the Motion signed under penalty of perjury. Dkt. 76.[2] On May 1, 2017, Defendant filed a Reply. Dkt. 78. On May 9, 2017, Plaintiff filed "Supplemental Reponses to City of Newport Beach Request for Production of Documents and Further Responses to Special Interrogatories." Dkt. 82.

///
///



---

[1] Defendant states in argument that it is also seeking a further response to Special Interrogatory No. 13. However, Defendant does not set forth the substance of the interrogatory or response. Therefore, to the extent Defendant intended to seek a further response to Special Interrogatory No. 13, the Motion is DENIED without prejudice.

[2] In its Reply, Defendant complains Plaintiff is "playing discovery games" because the Opposition filed with the Court is different from the Opposition served on Defendant. Reply at 1. Defendant attaches a copy of Plaintiff's Opposition that was served on Defendant. Declaration of Allen Christiansen in support of Reply ("Christiansen Reply Decl."), Ex. D. It is apparent from a comparison of the two oppositions that Plaintiff inadvertently replaced several of the last pages of the opposition filed with the Court with pages from some other document. Plaintiff should not rely on the generosity of Defendant to file documents for him and should be more cautious to ensure he is filing and serving complete copies of each document presented to the Court. Nevertheless, because the opposition attached to Defendant's Reply appears to be the more complete document, the Court will consider Plaintiff's arguments therein in ruling on the Motion and hereinafter refers to the opposition attached as Exhibit D to the Christiansen Reply Declaration as Plaintiff's Opposition.

# II.
# APPLICABLE LAW

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii), (iv), "A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

# III.
# DISCUSSION

**A.  REQUESTS FOR PRODUCTION**

    **1.  Relevant Law**

In response to a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "[I]f a responding party contends that documents are not in its custody or control, the court may require more than a simple assertion to that effect." Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012) (granting motion to compel further response requiring responding party to state under oath whether any responsive documents exist in his possession or control and describe the efforts he made to locate responsive documents). Responses to requests for production "must be complete, explicit and responsive." Hash v. Cate, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012).

///

## 2.    Request for Production No. 1

Request for Production No. 1: "Any and all Documents of which you are in possession, custody and/or control of which have been identified by you in your initial disclosures in this matter." Mot. at 5.

Plaintiff's Response: "Plaintiff is providing information from encounters with defendants' officer's, from the time period this suit was submitted to the court." Id.

Plaintiff's Supplemental Response: "Plaintiffs' amended response was that, information from the encounters with defendants' officer's, from the time period this suit was submitted to the court. Has been provided, the defendants' are to blame, for being evasive and sandbagging plaintiff in order to cause, needless lingering litigation. There was only three documents issued to plaintiff, in his custody or control, PLAINTIFF HAS NOT FAILED TO PRODUCE THE REQUESTED DOCUMENTS, IDENTIFIED IN HIS INITIAL DISCLOSURES, PROCEDURALLY PLAINTIFF HAS PRODUCED ALL RESPONSIVE DOCUMENTS TO DEFENDANT CITY OF NEWPORT BEACH, FOR THIS REQUEST FOR PRODUCTION. No. 1." Suppl. Resp. at 9.

As an initial matter, the Court notes Plaintiff's argumentative tone in his Supplemental Response is inappropriate. Substantively, Defendant acknowledges Plaintiff attached a newspaper article to his initial disclosures and a citation. Mot. at 5. However, Defendant argues Plaintiff fails to produce any other documents identified in his initial disclosures. Id. Plaintiff's initial disclosures appear to identify the following documents: (a) Citation number 40311, dated March 12, 2014; (b) property release related to an incident on April 5, 2014; (c) release from O.C. District Attorney's office dated November 7, 2014; (d) September 25, 2014 booking report; (e) property release related to an incident on July 8, 2014; (f) "released on own recognizance" printed form related to an incident on July 8, 2014; and (g) newspaper article. Christiansen Decl., Ex. C. Plaintiff attached the following three documents to his Opposition: (a) Field Contact report dated July 2, 2015; (b) notice that no case was filed from the Orange County District Attorney's Office dated November 7, 2014; and (c) booking report dated September 25, 2014. Christiansen Decl., Ex. D, Opp. Therefore, it appears the only documents Plaintiff has not yet produced are the two property releases and the "released on own recognizance" form. In his Opposition, Plaintiff states these documents "are not in plaintiffs possession nor were they issued to him." Opp. at 3. Because Plaintiff signs the Opposition under penalty of perjury, it is unclear to this Court what more explicit answer Defendant hopes to receive at this point. Therefore, Defendant's Motion to compel further response to Request for Production No. 1 is DENIED without prejudice.[3]

---

[3] The Court recognizes Defendant would not have received this, or any, amended response without having brought the Motion. The Court will address Plaintiff's failure to timely respond and failure to meet and confer below, in Section IV, regarding apportionment of expenses.

### 3. Request for Production No. 4

Request for Production No. 4: "Any and all DOCUMENTS which refer, relate or pertain to YOUR claims stemming from the incident of August 30, 2014 as alleged in YOUR COMPLAINT." Mot. at 5.

Plaintiff's Response: "A copy of Release from Custody Misdemeanor, Newport Beach police Department, dated September 25, 2014 arresting officers Smith S. DR # 14007751 Charges, 11550(A) HS Use/Under Influence of controlled substance, 148(A)(1)PC obs obstruct/Resist/ETC Public/Peace officer/Emergency Med Tech. To be provided by defendants'[.]" Id.

Plaintiff's Supplemental Response: "Plaintiff has no documents responsive to this request in his possession custody or control, the Newport Beach officer who physically detained plaintiff, on or around this date of August 30, 2014 did not provide plaintiff, one single document. After he removed the handcuffs from Mr. Mood, he drove away in haste." Suppl. Resp. at 9. Defendant argues that if Plaintiff has no documents relating to the alleged August 30, 2014 incident, he should be ordered to respond accordingly. Id. While the Court agrees Plaintiff's initial response is ambiguous, in light of the Supplemental Response, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Request for Production No. 4 is DENIED without prejudice.

### 4. Request for Production No. 5

Request for Production No. 5: "Any and all DOCUMENTS which refer, relate or pertain to YOUR claims stemming from the incident of July 2, 2015 as alleged in YOUR COMPLAINT." Mot. at 6.

Plaintiff's Response: "After a reasonable and diligent inquiry, plaintiff is unable to produce documentation to specify the event which took place on July 2, 2015. Plaintiff likewise does not waive the right to object on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests, relating to this incident, alleged in plaintiffs' complaint." Id.

Plaintiff's Supplemental Response: "Plaintiff has no documents responsive to this request in his possession custody or control, the Newport Beach officer who physically detained plaintiff on this date of July 2, 2015 did not provide plaintiff one single document. After he searched through plaintiffs' back pack and his partner named Minor D. asked him what his name was, Mr. Mood, responding as "Ivin", then the officer named Minor D. said " you have been arrested 20 times" they then- drove off with haste, as stated in plaintiffs' initial complaint." Suppl. Resp. at 10.

Defendant argues Plaintiff's statement that he is unable to produce documentation is insufficient to satisfy his obligation to identify whether such documents exist. Id. For example,

Plaintiff's Opposition appears to identify an "incident report" that would be responsive to Defendant's request, but it is unclear who, if anyone, retained a copy of this report. Opp. at 4. However, in light of the Supplemental Response, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Request for Production No. 5 is DENIED without prejudice.

### 5. Request for Production No. 7

Request for Production No. 7: "Any and all DOCUMENTS which refer, relate or pertain to any felony convictions against YOU from January 1, 2007 through the present." Mot. at 6.

Plaintiff's Response: "After a reasonable and diligent inquiry, plaintiff is unable to produce documentation to specify the actuality of any such felony charge filed against plaintiff from January 1, 2007 through the present date." Id.

Plaintiff's Supplemental Response: "Plaintiffs' amended response is, after a reasonable and diligent inquiry, plaintiff is unable to produce documentation to specify the actuality of any such felony charge filed against plaintiff, from January 1, 2007 through the present date. Then defendants' raise an issue as though, the request is non-responsive/ instead of stating the response is non-responsive, the defendant is the one who is unintelligible in their limitless re-litigation and sandbagging against Mr. Mood, when they are responsible for the kind of police investigating, which can easily discover information of this kind. PLAINTIFF DOES NOT HAVE ANY DOCUMENTS IN HIS CUSTODY OR CONTROL RESPONSIVE TO RFP NO. 7. PERTAINING TO ANY FELONY CHARGE FROM JANUARY 1, 2007 TO THE PRESENT." Suppl. Resp. at 10.

Once again, the Court notes Plaintiff's argumentative tone in the Supplemental Response is inappropriate. However, in Plaintiff's Opposition and Supplemental Response, he clarifies under penalty of perjury that he "has absolutely no documents pertaining to a felony conviction and no felony conviction has ever been charged to plaintiff from January 1, 2007 to the present date." Opp. at 5; Suppl. Resp. at 10. Hence, Defendant's Motion to compel further response to Request for Production No. 7 is DENIED.

### 6. Request for Production No. 8

Request for Production No. 8: "Any and all DOCUMENTS which refer, relate or pertain to any misdemeanor convictions against YOU from January 1, 2012 through the present." Mot. at 7.

Plaintiff's Response: "Plaintiff Mr. Mood, objects to the request presented in No. 8 because it has no relevance to allegations specified against defendants', which pertain to the Constitutional merit of plaintiffs' alleged claims against the defendants' City of Newport Beach." Id.

Plaintiff's Supplemental Response:[4] "Plaintiff has now provided defendants' with the documents responsive to this request, which pertains to misdemeanor convictions against him from January 1, 2012 through the present." Suppl. Resp. at 11.

Here, in light of the Supplemental Response, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Request for Production No. 8 is DENIED without prejudice.

### 7. Request for Production No. 9

Request for Production No. 9: "Any and all DOCUMENTS which refer, relate or pertain to any damages or calculations of damages YOU are seeking in this litigation." Mot. at 7.

Plaintiff's Response: "After a reasonable search and diligent inquiry, plaintiff is unable to produce documentation in response to this request." Id.

Plaintiff's Supplemental Response: "Plaintiff will ask the court for a judgment against defendant's, awarding compensatory relief $850,000 from City of Newport Beach and punitive damages from continued unlawful and unconstitutional purposes. Engaging in increased patterning and show of force and purposely creating an environment of hatred and utter contempt in each activity involved with plaintiffs' way of life on a daily and nightly basis. From the time Mr. Mood, submitted the initial complaint to the court, defendants' actively prevented plaintiff from doing more to earn enough to survive without handouts of food. Because of their constant overly-apprehensive interference, plaintiff asks the court to also award punitive damages, as the court sees proper and according to the amount of deprivation caused by the defendants', upon plaintiffs diminished livelihood." Suppl. Resp. at 11.

Here, neither of Plaintiff's responses unambiguously identifies whether Plaintiff has any responsive documents in his possession, custody, or control. Fed. R. Civ. P. 34(a)(1); Hash, 2012 WL 6043966, at *2 (noting responses to requests for production "must be complete, explicit and responsive"). Hence, Defendant's Motion to compel further response to Request for Production No. 9 is GRANTED.

### 8. Request for Production No. 11

Request for Production No. 11: "Any and all DOCUMENTS which evidence that YOU were stopped by the Newport Beach Police Department on July 8, 2014 as alleged in YOUR COMPLAINT." Mot. at 7.

---

[4] Plaintiff's Supplemental Response appears to inadvertently switch the numbering of Request for Production Nos. 8 and 9. The Court uses the numbering from Defendant's Motion.

Plaintiff's Response:  "Plaintiff is presenting evidence to show that he was stopped on September 25, 2014 by Newport Beach officer Smith S. Case No. DR#14007751 Newport Beach police issued plaintiffs release from Custody papers with this date September 25, 2014 because they wanted additional time to re-try plaintiff on under the influence charges, due to the fact that the Orange County D.A's office was supposed to contact Mr. Mood within 30 days, but they did not file charges against him.  Plaintiff was stopped and falsely arrested on July 8, 2014.  Plaintiff may be able to substantiate this claim after contacting witnesses at residences nearby the location of the false arrest on Santa Ana St. in Newport Beach."  Id. at 7-8.

Plaintiff's Supplemental Response:  "Plaintiff has provided documents to show where he was stopped and falsely arrested on July 8, 2014 by Newport Beach police, as alleged in his initial complaint.  PLAINTIFF HAS NOT FAILED TO PRODUCE THE REQUESTED DOCUMENTS FOR REQUEST NO. 11."  Suppl. Resp. at 11.

Here, it is unclear from Plaintiff's responses whether he has produced all documents in his possession, custody, and control.  Fed. R. Civ. P. 34(a)(1); Hash, 2012 WL 6043966, at *2 (noting responses to requests for production "must be complete, explicit and responsive").  Merely producing documents to show *where* Plaintiff was arrested, does not respond to the request for evidence that he was in fact stopped.  Hence, Defendant's Motion to compel further response to Request for Production No. 11 is GRANTED.

### 9. Request for Production No. 12

Request for Production No. 12:  "Any and all DOCUMENTS which evidence that YOU were stopped by the Newport Beach Police Department on August 30, 2014 as alleged in YOUR COMPLAINT."  Mot. at 8.

Plaintiff's Responses:  "Plaintiff is unable to present any documents, the Newport Beach officer Pallas held Mr. Mood, in handcuffs for 30 minutes in front of the Pavilions Store on 100 Bayside Dr. in Newport Beach at 7:30-8:00 A.M. this incident ocurred either on August 17 to August 30th 2014.  It was witnesses by the store cashier named, Syed."  Id.

Plaintiff's Amended Response:  "After a diligent search, plaintiff is unable to provide written notification from Newport Beach officer who physically detained plaintiff Mr. Mood in front of the Pavilions Store on 100 Bayside Dr. in Newport Beach, said incident may have occurred either August 17th or August 30.  Plaintiff can only refer to the Store manager Kevin King or the cashier Syed, at the time of the incident."  Id.

Plaintiff's Supplemental Response:  "PLAINTIFF CAN NOT PRESENT EVERY RESPONSE WITH THE PROFESIONALISM OF A WELL PAID LAWYER, PLAINTIFF CAN ONLY RESPOND BY SAYING HE/I NEVER POSSESSED ANY DOCUMENTS IN MY CONTROL OR CUSTODY, RELATING TO THE INCIDENT WHICH OCCURRED ON OR AROUND AUGUST 17TH TO AUGUST 30, 2014 ACCORDING TO FACTS

WHICH CAN BE PROVEN BY TESTIMONAL EVIDENCE WHEN THE DEFENDANTS OFFICER PALLAS, TESTIFIES IN FRONT OF THE JURY AT TRIAL." Suppl. Resp. at 12.

As an initial matter, the Court recognizes that parties proceeding pro se, i.e. without an attorney, often face special challenges in federal court.[5] Although courts are to liberally construe pro se pleadings, pro se litigants remain "bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). Self-representation is not an excuse for non-compliance with court rules. See Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se." (citation omitted)). Nevertheless, in light of Plaintiff's Supplemental Response that he has no documents in his custody or control, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Request for Production No. 12 is DENIED without prejudice.

**10.   Request for Production No. 13**

Request for Production No. 13: "Any and all DOCUMENTS which evidence that YOU were stopped by the Newport Beach Police Department on July 2, 2015 as alleged in YOUR COMPLAINT." Mot. at 9.

Plaintiff's Response: "Plaintiff was physically restrained by Newport Beach officer Sgt. Pallas, in front of the Pavilions Store at 100 Bayside Dr. at 7:30-8:00 A.M. either on August 17 to August 30, 2014 officer Pallas stated that no crime was committed, he had no legitimate reason to detain Mr. Mood in handcuffs." Id.

Plaintiff's Amended Response: "After the necessary diligent search, plaintiff is not able to locate any written notification provided to him by the Newport Beach police, from the incident that had occurred on July 2nd or 8th. At the Sol Mexican Cocina on 251 E. Coast Hwy. (949) 675-9800 and also documented by defendant as (suspicious activity 2333 Pacific coast Hwy)." Id.

---

[5] The Public Service Law Corporation runs a free Federal Pro Se Clinic at the Riverside federal courthouse where pro se litigants can get information and guidance. The clinic is located in Room 125 of the George E. Brown Federal Building, 3420 12th Street, Riverside, California 92501. For more information, litigants may call (951) 682-7968 or they may visit the Pro Se Home Page at http://court.cacd.uscourts.gov/cacd/ProSe.nsf. Clinic information is found there by clicking "Pro Se Clinic - Riverside".

The Public Law Center runs a free Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get information and guidance. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x 222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, California. More information may be found by visiting the Pro Se Clinic Home Page found at http://court.cacd.uscourts.gov/cacd/ProSe.nsf. Clinic information is found there by clicking "Pro Se Clinic - Santa Ana".

Plaintiff's Supplemental Response: "PLAINTIFF CANNOT PRESENT EVERY RESPONSE WITH THE PROFESIONALISM OF A WELL PAID LAWYER, PLAINTIFF CAN ONLY RESPOND BY SAYING HE/I NEVER POSSESSED ANY DOCUMENTS IN MY CONTROL OR CUSTODY, RELATING TO THE INCIDENT WHICH DID IN FACT OCCUR ON JULY 2, 2015 AND THE FACTS RELATING TO THE UNLAWFUL SEARCH AND SEIZURE AT THE SOL MEXICAN COCINA ARE ALSO STATED IN THE INCIDENT REPORT PROVIDED TO PLAINTIFF AFTER APRIL 12, 2017 BY DEFENDANTS IDENTIFIED AS; SUSPICIOUS ACTIVITY 2333 PACIFIC COAST HWY. WHICH WILL NOW BE PRESENTED TO THE COURT AS EVIDENCE." Suppl. Resp. at 13.

In light of Plaintiff's Supplemental Response that he has no documents in his custody or control and his production of the incident report referenced therein, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Request for Production No. 13 is DENIED without prejudice.

**B.     INTERROGATORIES**

**1.     Relevant Law**

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Finally, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

**2.     Interrogatory No. 9**

Interrogatory No. 9: "State, with specificity, how YOU believe YOUR Constitutional rights were violated on March 12, 2014 as alleged in YOUR COMPLAINT." Mot. at 11.

Plaintiff's Response: "Plaintiff believes that defendants' interrogatory No. 9, is the same legal question as interrogatory No. 8. Mr. Mood is not sure that in legal terms the answer needs to be reworded, to give an added legal perspective. Other than to say the incident was unlawful custom or practice, because the officer misused his authority to physically detain Mr. Mood, because he was following the departments unlawful policy. When he had no probable cause to search and physically detain Mr. Mood, without necessary probably cause, simply because he though Mr. Mood, had ridden his bicycle on the sidewalk. At this point in time Newport Beach police department had knowledge that plaintiff Mr. Mood, did not have a residence in the Newport Beach area. Mr. Mood had been physically detained unlawfully, under color of law on a regular basis, when no crime had been comitted." Id.

Plaintiff's Supplemental Response: "The unreasonable conditions for subjecting plaintiff Mr. Mood, to continually pursue him so that he can be mistreated as though he is an outlaw, or an outcast in the community, when all plaintiff is doing is riding his bicycle. As stated before Newport Beach police officers have been continuously patterning him, on a daily basis, which has been a custom or practice that is an obvious situation. Mr. Mood is the witness to the custom or practice in bad faith, each time he exits the bus, each time he exits the Newport Beach public library each time he exits the coffee shops, each time he comes to a traffic light and he is standing there. A show of force or threat this constant is undoubtedly going to lead to a misuse of excessive force or a false arrest because of deliberate indifference. Plaintiff has stated that he was physically detained by the Newport Beach officer on March 12, 2014, the officer searched his person as he patted down Mr. Mood, at that time, plaintiff asked the officer to call for a Duty Sargent to come to the scene and oversee the conditions of this unwarranted detainment. The Sargent arrived, and it was Sargent Mika, who stated to Mr. Mood, "I have spoken to you before about not riding your bicycle on the sidewalk" this is not making the plaintiffs actions a matter for which physical detainment is required. Both officers at this point have shared in an unlawful prerogative, out of pure bias toward Mr. Mood, who has simply crossed the street, one block away from the officer before he arrived at the place. Where plaintiff had crossed the street. The officer then stops Mr. Mood and places him in handcuffs. As though he believed plaintiff had a warrant for his arrest, but this was not the case. The officer had physically detained Mr. Mood without any reasonable cause searched him and removed his wallet looking for his Id. So that he could write plaintiff a citation for riding his bicycle on the side walk, the lack of police training or the improper training which had been given to the two officers – also their conduct, is the cause FOR THE VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS." Suppl. Resp. at 5.

The Court agrees with Defendant that Plaintiff's original response was vague, ambiguous, and conclusory. However, in light of the Supplemental Response, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Interrogatory No. 9 is DENIED without prejudice.

### 3. Interrogatory No. 10

Interrogatory No. 10: "IDENTIFY the PERSON YOU believe violated YOUR Constitutional rights on July 8, 2014 as alleged in YOUR COMPLAINT." Mot. at 12.

Plaintiff's Response: "Plaintiff believes he has answered this question in his response to interrogatory No. 4, the question of who violated the plaintiffs Constitutional rights is the arresting officer who had been improperly advised by the Newport Beach police department to incarcerate Mr. Mood. Without probable cause and without any evidence to accuse Mr. Mood of being under the influence, since Mr. Mood, was not driving a motor vehicle. Mr. Mood did not need to submit to the states voluntary drug test by Breath, Urin or blood sample. Mr. Mood called for nearby residents to be witnesses that he was being falsely arrested when he was behind the rear seat of police vehicle, For this reason he was charged with resisting arrest, which is not a legitimate claim either." Id.

Plaintiff's Supplemental Response: "Plaintiff has confirmed from the documents which he has submitted to defendants,' that the Newport Beach officer who violated his Constitutional rights was officer Smith S. on July 8, 2014." Suppl. Resp. at 6.

The Court agrees with Defendant that Plaintiff's original response was vague, ambiguous, conclusory, and non-responsive. However, in light of the Supplemental Response, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Interrogatory No. 10 is DENIED without prejudice.

### 4. Interrogatory No. 11

Interrogatory No. 11: "State, with specificity, the Constitutional rights YOU believe were violated on July 8, 2014 as alleged in YOUR COMPLAINT." Mot. at 12.

Plaintiff's Response: "Plaintiff answered this inquiry in interrogatory Response No. 4. Plaintiff was not able to control the procedure that Newport Beach police department uses to prosecute individuals or document when a person had been arrested. Plaintiff can only state as best he can with the papers he was provided, what he had been charged with, and what he was told. The Constitutional rights that were violated under Due process, because Mr. Mood did not commit a crime, he was placed in custody for riding his bicycle past a stop sign. Which he should have received a citation for, and not for a custom or practice of the City of Newport Beach, Mr. Mood was being patterned, an arristing officer said 'you are on our list' this meant Mr. Mood, was targed for being homeless." Id. at 12-13.

Plaintiff's Supplemental Response: "The Constitutional rights that were violated under Due process were the facts that the officer considered Mr. Mood, under the influence out of pure bias and prejudiced him according to what his partner, Minor D. had stated to Mr. Mood, "you are on a list" This meant that Mr. Mood, was purposely being targeted at that particular time, because he is known by the defendants' police officer's, through their improper training. As a homeless person who should be stopped and physically detained, on a periodic basis, which is an unlawful procedure, known as "pattern or practice" under state and federal law, NEWPORT BEACH POLICE OFFICERS MUST HAVE REASONABLE CAUSE TO STOP A PERSON AND PLACE THEM UNDER ARREST AS THOUGH, THEY CAN FABRICATE THAT CHARGE, WITHOUT EVIDENCE PRIOR TO THE ARREST AND IMPRISONMENT WHICH TOOK PLACE ON JULY 8, 2014." Suppl. Resp. at 6.

While it is unclear from either response what exactly happened on July 8, 2014, the request only asks what rights Plaintiff believes were violated on that date. In both responses, it appears Plaintiff is attempting to set forth the rights he believes were violated – (a) his due process rights; and (b) his right not to be detained without probable cause and solely because he is homeless. It is unclear what more specific response Defendant hopes to obtain. Hence, Defendant's Motion to compel further response to Interrogatory No. 11 is DENIED without prejudice.

### 5. Interrogatory No. 15

Interrogatory No. 15: "State, with specificity, any and all facts that support YOUR claim that YOUR Constitutional rights were violated on August 30, 2014 as alleged in YOUR COMPLAINT." Mot. at 13.

Plaintiff's Response: "Plaintiff has gone to great lengths to be legally conclusive, all that defendants need to determine For this interrogatory No. 15. Is to read response to interrogatory 14." Id.

Plaintiff's Supplemental Response: "In plaintiffs' initial complaint the events which took place are specified truthfully, because of the fact that plaintiff is unsure of the exact date, of this event which occurred in front of the Pavillions Store on Bayside Dr. On or around the date of August 30, 2014, plaintiff will propound the defendants to provide a police report after the deposition, when he is legally able to demand the discovery without being barred from that discovery demand. Since there was no crime committed by plaintiff we must assume that Sargent Pallas, the officer who initiated the physical detainment on plaintiff, was discriminating against Mr. Mood. The officer stated to him that he was not being accused of committing any crime, since his pockets were emptied out, this can be considered an unlawful search and seizure since the officer knew that he was not going to charge Mr. Mood with any crime, he also knew that Mr. Mood did not have a warrant. The officer called for back up and three other Newport Beach officer's arrived on the scene, Mr. Mood was sitting in a chair with hand cuffs on tightly, for at least 30 minutes. At this point there is more evidence, from what is occurring by the "CONSCIOUS" "DELIBERATE" POLICY TO MISUSE EXCESSIVE FORCE ON AN INNOCENT PERSON, THIS IS A CONSTITUTIONAL DEPRIVATION UNDER MONELL V. DEP'T OF SOCIAL SERVICES OF NEW YORK, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 611 (1978) Because of the officers' callous indifference to the rights of others, there was no reasonable cause to conduct the forced physical detainment, it should not be up to the officer to provide a falsified report. For his explanation why Mr. Mood, is physically detained and searched, if no crime was committed." Suppl. Resp. at 7.

Plaintiff's original response is blatantly insufficient in that it attempts to incorporate Plaintiff's response to a difference interrogatory. See Fed. R. Civ. P. 33(b)(3). Nevertheless, the Supplement Response, while it includes extraneous non-responsive information, appears to state the facts Plaintiff believes support his claim. Therefore, in light of the Supplemental Response, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Interrogatory No. 10 is DENIED without prejudice.

### 6. Interrogatory No. 16

Interrogatory No. 16: "IDENTIFY the PERSON YOU believe violated YOUR Constitutional rights on July 2, 2015 as alleged in YOUR COMPLAINT." Mot. at 14.

Plaintiff's Response: "Plaintiff has responded to the same category of case law, pertaining to the Constitutionality of defendant City of Newport Beach, misuse of authority/objective or indication of what an officers name and badge number is to be submitted by plaintiff, to really make sure he knows who he is dealing with. The response necessary to adequately represent the exact causation of what Constitutional rights had been violated by defendant City of Newport Beach and their officer's has been well defined in lines 10-28 at 5 for interrogatory No. 6." Id.

Plaintiff's Supplemental Response: "The defendants' request interrogatory response asking who their officer's identity is, should plaintiff know an officers' identity when he is suddenly restrained by one of their officers, when they are being so overly aggressive, plaintiff was searched from behind, while the officer held his arm behind his back. All plaintiff knows is that the officer's were DEFENDANTS' City of Newport Beach officer's, one officer Minor D. was named in a police report submitted to plaintiff by defendants', from and incident that occurred on the same date of July 2, 2015. The officers pursued plaintiff, in order to continue harassing him until 1:30 the next morning, as stated in the police report titled "Suspicious occurrence", location 2333 E. Coast Hwy." Suppl. Resp. at 8.

The Court agrees with Defendant that Plaintiff's original response was vague, ambiguous, conclusory, and non-responsive. However, in light of the Supplemental Response where Plaintiff says he does not know the names of the officers involved in the July 2, 2015 incident, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Interrogatory No. 16 is DENIED without prejudice.

**7.    Interrogatory No. 17**

Interrogatory No. 17: "State, with specificity, the Constitutional rights YOU believe were violated on July 2, 2015 as alleged in YOUR COMPLAINT." Mot. at 14.

Plaintiff's Response: "Again defendants' are relitigating without propounding new requests for added legal discussion, plaintiff has responded to what occurred on July 2, 2015 and what circumstances involved the defendants', in civil rights injustices, because of the unlawful custom or practices, that are carried out by their subordinate officers. Without supervisory advisement, that should reform unlawful over reaction, to those who are wrongfully discriminated against without actual legitimacy." Id.

Plaintiff's Supplemental Response: "Plaintiff has properly stated according to his initial complaint, because of the unlawful custom or practices, which were carried out against plaintiff Mr. Mood, by methods of training. that can and should be considered unlawful. Due to the fact that the officer is overly aggressive, to grasp plaintiff, to search him without a reasonable cause, to believe Mr. Mood, has committed a crime or is a wanted fugitive. The parking valet who was standing 20 yards away, was overheard saying "hey look that guy is getting arrested", plaintiff was standing alone watching the police helicopter, circling around overhead. Then the officer drives by Mr. Mood, and stops, he says to Mr. Mood "we saw that you do not have a light on

your bicycle", plaintiff-then lifts up his bicycle to show the officer. That he does have a light on his bicycle, then the CONSTITUTIONAL INJURY OCCURS AS MR. MOOD IS NEEDLESSLY RETRAINED AND SEARCHED." Suppl. Resp. at 8.

The Court agrees with Defendant that Plaintiff's original response was vague, ambiguous, conclusory, and non-responsive. However, in light of the Supplemental Response where Plaintiff says the violation was needlessly restraining and searching him, it is unclear what more specific response Defendant could reasonably obtain. Hence, Defendant's Motion to compel further response to Interrogatory No. 17 is DENIED without prejudice.

**IV.
SANCTIONS**

**A.    APPLICABLE LAW**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) "[i]f the motion is granted--*or if the disclosure or requested discovery is provided after the motion was filed*--the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court must not order this payment if the moving party failed to properly meet and confer, the failure to respond was substantially justified, or other circumstances make an award of expenses unjust. Id. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In addition, failure to engage in good faith discussions to resolve discovery disputes may result in sanctions pursuant to Local Rule 37-4. L.R. 37-4 (failure to cooperate in the Local Rule 37-1 and 37-2 meet and confer and joint stipulation procedures may result in imposition of sanctions).

**B.    DISCUSSION**

    **1.    An Award of Expenses to Defendant is Warranted**

Here, Plaintiff has managed to waste an inordinate amount of attorney time and judicial resources with his extraordinarily delayed discovery responses. Defendant served Plaintiff with Requests for Production of Documents and Interrogatories on December 20, 2016, almost five months ago. Dkt. 66-1, Declaration of Allen Christiansen, ¶¶ 2-3, Exs. A, B. Additionally, Defendant already prevailed on a motion to compel due to Plaintiff's initial failure to respond to these same requests prior to filing the instant Motion. Dkt. 72. While the majority of Plaintiff's Supplemental Responses have been found to be sufficient, they were only provided after Defendant's current Motion to compel was fully briefed. Plaintiff has not provided any explanation that would make his failure to properly respond substantially justified, and there are no circumstances that would make an award of expenses unjust. Hence, pursuant to Federal

Rule of Civil Procedure 37(a)(5)(A) and (C), the Court finds it appropriate to award Defendant its reasonable expenses incurred in bringing the Motion.

In addition, Plaintiff was explicitly cautioned that his failure to timely engage in discussions regarding resolution of discovery motions in good faith could result in sanctions.  See dkt. 72 at 3 n.1.  Nevertheless, Plaintiff failed to respond to Defendant's letter requesting to meet and confer, which Plaintiff does not deny receiving.  Christiansen Decl., ¶ 5.  Hence, sanctions are also appropriate pursuant to Local Rule 37-4 for Plaintiff's failure to engage in meet and confer discussions in good faith.

### 2. Defendant's Requested Attorney's Fees are Reasonable

Defendant requests Plaintiff pay $1,760.00 for fees incurred in bringing the Motion.  In support of this request, Defendant has submitted Mr. Christiansen's declaration, which establishes (1) Mr. Christiansen spent four hours preparing the instant Motion; (2) Mr. Christiansen anticipates spending another two hours reviewing and responding to any opposition; (3) Mr. Christiansen anticipates spending another two hours appearing at the hearing on this Motion; and (4) Mr. Christiansen's reasonable hourly rate for this matter is $220.00.  Christiansen Decl., ¶¶ 6-8; Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993) ("[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are 'sufficiently detailed to enable the court to consider all the factors necessary in setting the fees.'").

The Court finds both the hours spent preparing the Motion, as well as the hourly rates to be reasonable.  Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 275 (C.D. Cal. 2008). (awarding $5,585.00 as reasonable expenses incurred in making similar motion to compel, finding 8.5 hours and hourly rate of $490 were reasonable); Tacori Enterprises v. Beverlly Jewellery Co., 253 F.R.D. 577, 585 (C.D. Cal. 2008) (awarding $6,150.00 as reasonable expenses incurred in making similar motion to compel, finding 7.5 hours spent by two attorneys whose hourly rates were $555 and $265 were reasonable).

Accordingly, Defendant's request for payment of reasonable expenses is GRANTED and Plaintiff shall pay to Defendant the sum of $1,320,[6] which represents the reasonable expenses incurred by Defendant in bringing this Motion.

///
///
///
///
///
///

---

[6] Because the Court is vacating the hearing on Defendant's Motion, the requested fees were reduced by $440.00.

# V.
# ORDER

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1)   Defendant's Motion to Compel further responses to Request for Production Nos. 9 and 11 is **GRANTED**.  ***Within ten (10) days of the date of this Order***, Plaintiff shall provide Supplemental Responses to Requests for Production, Set One, Nos. 9 and 11;

(2)   Defendant's Motion to Compel further responses to Request for Production Nos. 1, 4, 5, 7, 8, 12, and 13 and Special Interrogatory Nos. 9, 10, 11, 15, 16, and 17 is **DENIED** without prejudice; and

(3)   Defendant's request for payment of reasonable expenses incurred in making the Motion to Compel is **GRANTED**.  Plaintiff shall pay the sum of $1,320.00 to Defendant no later than sixty (60) days from the date of this Order.