UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1154-SVW (KK) | Date: | June 22, 2017 |
| Title: | *Ivin Mood v. City of Costa Mesa, et al.* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting Plaintiff's Motion for Reconsideration [Dkt. 90]

On May 16, 2017, the Court issued an order granting in part and denying in part the Motion to Compel filed by Defendant City of Newport Beach ("Defendant") and granting Defendant's request for expenses incurred in bringing the Motion to Compel in the sum of $1,320.00. ECF Docket No. ("Dkt.") 85. On May 25, 2017, Plaintiff filed a Motion for Reconsideration of the award of expenses. Dkt. 90. For the reasons set forth below, (a) Plaintiff's Motion is GRANTED, and (b) upon reconsideration, the Court reduces the award of expenses to the sum of $100.00 to be paid to Defendant City of Newport Beach no later than sixty (60) days from the date of this Order.

## I.
## PROCEDURAL HISTORY

On December 20, 2016, Defendant served Plaintiff Ivin Mood ("Plaintiff") with Requests for Production of Documents and Interrogatories. Dkt. 66-1, Declaration of Allen Christiansen, ¶¶ 2-3, Exs. A, B. Plaintiff did not serve responses to the discovery requests. Id. ¶ 5.

On February 23, 2017, Defendant filed a Motion to Compel Responses to Requests for Production and Special Interrogatories ("Motion"). Dkt. 66, MTC.

On March 20, 2017, the Court granted Defendant's Motion to Compel Plaintiff to respond to Requests for Production and Special Interrogatories within ten days, i.e. by March 30, 2017. Dkt. 72.

On March 29, 2017, Defendant received Responses to its Requests for Production and Special Interrogatories. See Dkt. 73-2, Declaration of Allen Christiansen in support of Motion ("Christiansen Decl."), Ex. A. The same day, Defendant's counsel sent Plaintiff a letter explaining how Plaintiff's Responses were deficient and requesting a meet and confer conference pursuant to Local Rule 37-1. Id. Plaintiff did not respond to Defendant's March 29, 2017 request to meet and confer. Id. ¶ 5.

On April 12, 2017, Defendant filed a Motion to Compel seeking to compel further responses to certain requests for production and interrogatories. Dkt. 73. On May 9, 2017, Plaintiff filed "Supplemental Reponses to City of Newport Beach Request for Production of Documents and Further Responses to Special Interrogatories." Dkt. 82.

On May 16, 2017, the Court granted in part and denied in part Defendant's Motion to Compel and awarded Defendant its reasonable expenses incurred in bringing the Motion to Compel in the sum of $1,320.00. Dkt. 85. The Court found Plaintiff had not provided any explanation that would make his failure to properly respond to the discovery requests substantially justified, and there were no circumstances that would make an award of expenses unjust. Id. Hence, the Court found an award pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and (C) would be appropriate. Id. In addition, the Court found sanctions appropriate pursuant to Local Rule 37-4 for Plaintiff's failure to engage in meet and confer discussions in good faith. Id.

On May 25, 2017, Plaintiff filed the instant Motion for Reconsideration of the Court's award of expenses arguing he is indigent and unable to pay. Dkt. 90. On June 1, 2017, Defendant filed an Opposition. Dkt. 93. On June 14, 2017, Plaintiff filed a Reply. Dkt. 104.

## II.
## APPLICABLE LAW

Local Rule 7-18 provides
> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). "[I]ndigency is a factor that the district court may properly consider in deciding whether to award costs." Stanley v. Univ. of S. California, 178 F.3d 1069, 1079 (9th Cir. 1999); see also Nat'l Org. for Women v. Bank of California, Nat. Ass'n, 680 F.2d 1291, 1294 (9th Cir. 1982); McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994).

## III.
## DISCUSSION

Plaintiff argues the Court failed to consider Plaintiff's homelessness when awarding Defendant a substantial amount of attorney's fees. Dkt. 90 at 2. Plaintiff provides evidence in the form of statements under oath that his "entire monthly income is $200.00 from working a short, part time schedule, at The Hearthstone Fireplace" and it would take over half a year to pay the sanction award. Dkt. 104 at 2.

The Court finds an award of expenses to Defendant is still warranted due to Plaintiff's repeated failure to timely comply with his discovery obligations as discussed in the Court's original order awarding expenses. See Dkt. 85. However, in light of the additional evidence of Plaintiff's indigence, the Court finds it appropriate to reduce the award of expenses to Defendant to the sum of $100.00.[1] See Flanagan v. Benicia Unified Sch. Dist., No. CIV. S-07-333 LKK/GGH, 2008 WL 4754668, at *3 (E.D. Cal. Oct. 30, 2008), aff'd, 404 F. App'x 187 (9th Cir. 2010) (finding an award of costs was not appropriate due to plaintiff's indigence).

## IV.
## ORDER

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Reconsideration is **GRANTED**; and

(2) Plaintiff shall pay the sum of $100.00 to Defendant City of Newport Beach **no later than sixty (60) days from the date of this Order**.

---

[1] Defendant reasonably incurred substantial expenses in connection with the Motion to Compel and the Court will revisit this issue if Plaintiff fails to comply the Order granting Defendant's Motion to Compel further responses to Request for Production Nos. 9 and 11, Dkt. 85, or any other Court order.